487 P.2d 812 (1971)
Herbert Eugene INGELS, Plaintiff in Error,
v.
Virginia Ruth INGELS, Defendant in Error.
No. 71-046. (Supreme Court No. 24337.)
Colorado Court of Appeals, Div. II.
July 27, 1971.
*813 Strand, Holst & Hilbert, Edwin Strand, Colorado Springs, for plaintiff in error.
Trott & Kunstle, Howard J. Kunstle, Colorado Springs, for defendant in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was transferred from the Supreme Court pursuant to statute.
Plaintiff in error will be referred to as the husband, and defendant in error as the wife. The wife sued for divorce, which was granted on January 23, 1968. Incorporated in the decree was a "Stipulation and Agreement" which divided the property of the parties. Ten months later, on November 26, 1968, the wife filed a motion to reform the stipulation and agreement *814 and modify the decree. A hearing was had on the motion after which the court entered its findings and order reforming the stipulation and agreement and modifying the decree. The husband sued out the writ of error to this order. We reverse the order.
As grounds for her motion the wife alleged mutual mistake of fact or fraudulent misrepresentations by the husband which induced her to sign the agreement. The trial court found that the husband had fraudulently failed to disclose the existence of two liens on property awarded to the wife in the agreement. After describing the property awarded to the wife, the agreement provides, "with reference to the above property, the Plaintiff [wife] agrees to assume all existing encumbrances, if any."
In August, following the decree of divorce, the wife contracted to sell one of the pieces of property awarded to her. Title insurance obtained at that time disclosed deed of trust liens against the property. The wife testified she knew nothing of the existence of the liens until the August transaction. The husband disputes this fact. Further facts will be discussed as they become pertinent to this opinion.
The husband's main allegations of error can be summarized as follows: (1) The trial court lacked jurisdiction to rule on the motion which was filed more than six months after the decree; (2) The trial court erred in ruling that the husband was guilty of actionable fraud.

I
The trial court had jurisdiction to hear the motion. The husband's contention that the court had no jurisdiction because the motion was not timely filed under R.C.P.Colo. 60(b) is without merit. That rule is not applicable here. R.C.P. Colo. 81(b) provides that the Rules of Civil Procedure shall not govern procedure and practice in divorce actions if in conflict with applicable statutes. C.R.S. 1963, 46-1-5, provides in part that the trial court, in divorce actions, shall retain jurisdiction for the purpose of later revisions of its orders, including division of property, "because of fraud, misrepresentation, or concealment." The trial court's jurisdiction to hear the motion in his case is controlled by the statute rather than by Rule 60(b). There being no time limit set forth in the above statute, a motion for revision of a divorce decree because of fraud, misrepresentation or concealment may be filed at any time unless barred by laches or the pertinent statute of limitations. Neither bar exists in this case.
However the decree and agreement cannot be modified unless fraud or overreaching is established.
"It is well-established in this state that a property settlement agreement which is approved and incorporated in a divorce decree cannot subsequently be modified, in the absence of fraud or overreaching." Lay, Jr. v. Lay, 162 Colo. 43, 425 P.2d 704.

II
Next we consider the question of whether the trial court erred in modifying the agreement on the ground that the husband had fraudulently concealed a material fact.
The facts pertinent to this issue are that the husband had acquired three adjoining lots in a subdivision. The circumstances of the acquisition were such that the lots had a zero cost basis to the husband and were subject to liens which secured obligations for which the husband was not personally liable. The parties built their residence on the middle lot of the three at which time $2,000 was paid by the husband to release the liens on that lot. This was the sum necessary to release each lot from the liens. At various times prior to the divorce, title to the various lots was held in the name of the husband, or the parties jointly, or in the name of the wife.
*815 While the divorce action was pending the husband, at the request of the wife's attorney furnished her a balance sheet showing his liabilities and assets "at cost." The two unimproved lots on each side of the residence, which comprise the property over which this dispute arose, were not listed separately among the husband's assets on the balance sheets. Likewise, since he had no personal liability to pay the notes which the liens secured, the $4,000 necessary to release the liens on the two lots was not listed as a liability of the husband.
However, the agreement of the parties did list the two lots among the property awarded to the wife. The agreement listed six items awarded to the wife and the seventh item read:
"G. Two residential lots described as Lot 6 and 8, Block 1 Re-plat of Lot 6, 7, 8, Block 1 Rustic Hills Subdivision.
With reference to the above property, the Plaintiff [wife] agrees to assume all existing liens, if any."
The wife testified that she read the agreement in the presence of her attorney and that she discussed with him the above sentence relative to liens. The record is silent as to what this discussion covered. There is no evidence that the wife or her attorney or her accountant asked the husband or his attorney or his accountant about any existing liens. Also, there was no record search.
The court found that the wife did not know of the existence of the liens and that the failure to disclose the liens on the balance sheet was a fraudulent nondisclosure of liability. The court further determined that it was not incumbent on the wife to search the record and that to do so would entail unusual and unnecessary expense. The court then ordered the agreement to be modified to require the husband to retire the indebtedness against the lots within six months.
Morrison v. Goodspeed, 100 Colo. 470, 68 P.2d 458, sets forth the five constituents of fraud, all of which must be proven in order to sustain an action based on fraud. As applicable to this case the wife had to prove that: (1) the husband concealed a material existing fact that in equity and good conscience should be disclosed; (2) the husband knew that he was concealing such a fact; (3) the wife was ignorant of the existence of the fact concealed; (4) the concealment was practiced with the intent that it be acted on, and; (5) the concealment resulted in damage to the wife.
The parties were dealing at arm's-length. Each was represented by an attorney and an accountant. The wife was clearly put on notice that there were liens which she might have to discharge. She discussed this very problem with her attorney upon reading the provision concerning liens in the agreement. At this point, so far as the record discloses, all inquiry stopped.
In Cherrington v. Woods, 132 Colo. 500, 290 P.2d 226, the court said,
"Whatever is notice enough to excite attention, and put the party upon his guard, and call for inquiry, is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant of it. `The presumption is that, if the party affected by any fraudulent transaction or management might, with ordinary care and attention, have reasonably detected it, he reasonably had actual knowledge of it'. * * * `Concealment by mere silence is not enough. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry.'"
Further, the trust deeds were recorded. C.R.S.1963, 118-6-6 provides:
"(1) Any written instrument required or permitted to be acknowledged, affecting title to real property * * * after being recorded in the office of the county where the real property is situate, shall be notice to all persons or classes of persons claiming any interest in said property."
*816 The wife was claiming an interest in the property and therefore had notice of the recorded instruments. She was bound to search the title records. See Gillett v. Gaffney, 3 Colo. 351, and Greco v. Pullara, 166 Colo. 465, 444 P.2d 383. To hold that the wife had no such obligation abrogates the operation of the quoted section of the statute. The wife had sufficient notice to excite attention and this notice called for an inquiry and constituted notice of everything to which the inquiry would have led. She cannot refuse to make reasonable inquiry and then claim not to have knowledge of the facts that such an inquiry would have disclosed.
We therefor hold that the trial court erred in its conclusion that the wife did not need to search the record. Her failure to search the record destroys the validity of her claim that she had no notice or knowledge of the liens. Her failure to establish this constituent of fraud prevents recovery. Lay, Jr. v. Lay, supra.
The order is reversed and the cause remanded with directions to enter an order denying the motion and to reinstate the original decree.
ENOCH and DUFFORD, JJ., concur.