568 P.2d 103 (1977)
In re the MARRIAGE OF Rebecca Ann LOWERY, Appellee, and
Stanley George Lowery, Appellant.
No. 76-657.
Colorado Court of Appeals, Div. II.
June 9, 1977.
Rehearing Denied June 30, 1977.
Certiorari Granted September 6, 1977.
*104 Sweeney & Ross, William G. Ross, Lakewood, for appellee.
Victor E. DeMouth, Lakewood, for appellant.
SILVERSTEIN, Chief Judge.
Appellant, Stanley Lowery, seeks reversal of an order which denied his motion to vacate permanent orders or, in the alternative, to amend said orders. We affirm.
The marriage of the parties was dissolved by a decree which incorporated a separation agreement, executed by the parties. The agreement covered disposition of property, custody of two minor children, child support, and maintenance for the wife. The agreement provided that it could not be modified except by court order or by written agreement of the parties.
Two months after entry of the decree, the subject motion was filed, requesting relief on the ground that the agreement was unconscionable. A hearing was held on the motion, following which the trial court found that the agreement was not unconscionable, and therefore denied the motion.
Here appellant asserts that the trial court failed to apply the pertinent provisions of the Uniform Dissolution of Marriage Act, namely, § 14-10-112 through 115, C.R.S. 1973. The gist of his argument is that the court failed to consider the criteria set forth in those statutes, and instead based its decision solely on the fact that appellant voluntarily signed the agreement with full knowledge of the facts and of the effect of the agreement.
Appellee asserts the ruling is correct because appellant neither pled nor proved any fraud or overreaching. Appellee relies on decisions in cases arising under the previous divorce statutes. See, e.g., Lay v. Lay, 162 Colo. 43, 425 P.2d 704. However, these decisions have only a limited application to cases arising under the Dissolution Act. See In re Marriage of Seymour, 36 Colo.App. 104, 536 P.2d 1172. Insofar as a challenge to a separation agreement under the Dissolution Act is directed to the provisions pertaining to maintenance and child support, it must be premised on whether the agreement is unconscionable.
*105 Section 14-10-112(2), C.R.S.1973, provides that a separation agreement which is unconscionable is not binding on the court. Further, § 14-10-122(1), C.R.S.1973, provides that, except where the decree or the separation agreement expressly preclude or limit modification, the court may modify the decree "only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." In determining whether an agreement is, or has become, unconscionable, the trial court should consider and apply the pertinent criteria set forth in the following subsections of the Act: § 14-10-112, as to the economic circumstances of the parties; § 14-10-113(1) as to the division of property; § 14-10-114(1) as to maintenance; and § 14-10-115(1) as to child support.
However § 14-10-122(1) further provides that: "The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment," and fraud or overreaching constitute such required "conditions." Lay v. Lay, supra; Ingels v. Ingels, 29 Colo.App. 585, 487 P.2d 812. Thus, in order to set aside the property division provisions of a settlement agreement, in addition to establishing the unconscionability of the agreement, fraud and overreaching must be shown.
Applying these criteria to the evidence adduced at the dissolution hearing, and at the hearing on the motion, we find no error in the court's determination that the settlement agreement was not unconscionable when executed and that there was no change in the circumstances sufficient to render it now unconscionable.
The other contentions raised by appellant are without merit.
Order affirmed.
ENOCH and RULAND, JJ., concur.