593 P.2d 977 (1979)
Herman OLINER, Bess Oliner, and Robert Oliner, Plaintiffs-Appellants,
v.
CITY OF ENGLEWOOD, Colorado, a Municipal Corporation, Defendant-Appellee.
No. 78-803.
Colorado Court of Appeals.
January 18, 1979.
Rehearing Denied February 15, 1979.
Certiorari Denied April 23, 1979.
*978 Hobbs & Waldbaum, P. C., Leonard N. Waldbaum, Douglas B. Koff, Denver, for plaintiffs-appellants.
Bernard v. Berardini, City Atty., Rick DeWitt, Asst. City Atty., Englewood, for defendant-appellee.
COYTE, Judge.
Plaintiffs sought to have their lease and option agreement with the City of Englewood declared void on the grounds that the option provision violated the rule against perpetuities. From an adverse summary judgment plaintiffs appeal, and we affirm.
Paragraph 8 of the lease agreement entered into on June 16, 1969, provided:
"From and after March 1, 1990, Lessee shall, at its exclusive option, have the right to purchase the property described in this Lease at a price of $2.50 per square foot as shown by the attached survey."
Plaintiffs contend that this provision violates the rule against perpetuities since the option is not specifically limited to the term of the lease and no other termination date is specified. The lease itself terminates on March 1, 2005.
Atchison v. City of Englewood, 170 Colo. 295, 463 P.2d 297 (1969), held that an option to purchase land, in the form of a pre-emptive right, that was not personal to a given individual and that was not limited in duration was void under the rule against perpetuities. However, in Atchison the option to buy was not part of a continuing interest in land such as a lease, i. e., it was "in no manner connected with any land owned by [the] [optionees]," and thus identification of future successors in interest to the option might prove difficult. The Atchison court discussed at length Weber v. Texas Co., 83 F.2d 807 (5th Cir. 1936), cert. denied, 299 U.S. 561, 57 S.Ct. 23, 81 L.Ed. 413 (1936), which held that a pre-emptive right option related to an oil and gas lease was not void as an unreasonable restraint on alienation or as a violation of the rule against perpetuities. The court distinguished Weber, saying:
"It is to be noted that in Weber v. Texas Company, supra the identity of the owners of interests involved could be ascertained  or at least with some reasonable investigation discovered  from the record title to the mineral rights and royalties. Our conclusion might be different here if the ownership of the preemptive right followed the title to designated real property; or, if it were restricted to a limited term found to be reasonable, albeit longer than a life in being plus 21 years."
The facts of the case at hand are more closely analogous to Weber than Atchison. The identity of the optionee is easily ascertainable and the option "follow[s] the title to designated real property," since only the lessee of that property may exercise the option.
The Restatement of Property § 395 provides:

*979 "When a lease limits in favor of the lessee an option exercisable at a time not more remote than the end of the lessee's term
(a) to purchase the whole or any part of the leased premises; or
(b) to obtain a new lease or an extension of his former lease, then such option is effective, in accordance with the terms of the limitation, even when it may continue for longer than the maximum period described in § 374."
(Under § 374 of the Restatement, an interest in gross must vest within 21 years to be valid.) See also Brundage v. Perry, Colo.App., 592 P.2d 6 (1978). Section 395 has been relied upon in several jurisdictions. Dozier v. Troy Drive-In-Theatres, Inc., 265 Ala. 93, 89 So.2d 537 (1956); Emerson v. Campbell, 32 Del.Ch. 178, 84 A.2d 148 (1951); Wing, Inc. v. Arnold, 107 So.2d 765 (Fla.Dist.Ct.App.1958); Quarto Mining Co. v. Litman, 43 Ohio St.2d 73, 326 N.E.2d 676, cert. denied, 423 U.S. 866, 96 S.Ct. 128, 46 L.Ed.2d 96 (1975). See also Annot., 162 A.L.R. 581. We adopt Restatement of Property § 395 as a desirable furtherance of the policies set forth in Atchison v. City of Englewood, supra.
Because Restatement § 395 operates only when the option is limited to the duration of the lease, we must next determine whether this option was so limited.
In determining the meaning of a contract a court must construe the entire contract as a whole, and every provision must be given effect if possible. Kugel v. Young, 132 Colo. 529, 291 P.2d 695 (1955); Aronoff v. Western Federal Savings & Loan Ass'n, 28 Colo.App. 151, 470 P.2d 889 (1970). Paragraph 10 of the lease agreement provides that all improvements erected by the lessee on the premises shall become the property of the lessors at the expiration of the lease. This paragraph is inconsistent with the construction that the option was intended to be exercised after the expiration of the lease term because the parties would then be faced with a situation in which plaintiffs would own all improvements erected on the premises while the city would still be able to purchase the underlying property. Furthermore, the option provision of the lease agreement refers to the city as the "lessee," thereby implying that the option is intended to be exercised during the duration of the lease.
As noted above, to construe the option clause as extending beyond the termination date of the lease would violate the rule against perpetuities. Where it is equally reasonable to construe the option as being limited in duration, we must select that interpretation which validates the agreement. Tallman v. Smith, 112 Colo. 217, 148 P.2d 581 (1944); M. R. Mansfield Realty, Inc. v. Sunshine, 38 Colo.App. 334, 561 P.2d 342 (1976), affirmed, Colo., 575 P.2d 847 (1978).
Thus we hold that the option terminates at the end of the lease period, and the lease agreement does not violate the rule against perpetuities.
Judgment affirmed.
PIERCE and KELLY, JJ., concur.