591 P.2d 1044 (1979)
In re the MARRIAGE OF Betty SCHEUERMAN, Appellant, and
Robert Scheuerman, Appellee.
No. 78-935.
Colorado Court of Appeals, Div. II.
February 15, 1979.
*1045 John E. Reid, Fort Collins, for appellant.
Epperson, McClary, Zorn & Vannoy, Edward L. Zorn, Douglas R. Vannoy, Fort Morgan, for appellee.
ENOCH, Judge.
Appellant, Betty Scheuerman, appeals from the denial of her motion to reopen a property division judgment entered in a dissolution of marriage proceeding. Because we find that the trial court did not have jurisdiction to hear appellant's motion, we affirm.
In October 1975 the district court entered a decree of dissolution of the marriage of appellant and her husband, and divided the marital property of the parties. At the dissolution hearing held earlier, the parties presented evidence concerning a lawsuit maintained by the husband against his employer and the wife's desire to benefit from the lawsuit if the judgment therein were favorable. At that time the outcome of the lawsuit was not predictable. In dividing the marital property, the court set aside certain enumerated items to be the sole and individual property of the wife. As to the husband, the court stated that:
"[T]he respondent shall receive as his sole and individual property all other items of property . . . now belonging to the respondent in his sole and individual name or the petitioner and respondent in their joint names, said items of property to include, but are not limited to the following . . . ."
In the designated listing, the court included several specific items, but did not specifically mention the possible proceeds from the lawsuit. No appeal was taken from this judgment.
In June 1978, appellant filed a motion to reopen the property division order, claiming that through mistake or inadvertence, the court had failed to divide the husband's interest in the lawsuit. The court denied *1046 the motion on the grounds that: 1) there was no fraud in the earlier hearing, 2) the prior division of marital property was complete, 3) the division of property was fair as to the parties, and 4) no conditions existed that would justify the reopening of the judgment.
Appellee contends that the trial court had no subject matter jurisdiction to reopen the judgment. Appellant takes the position that the trial court had jurisdiction by virtue of the provisions of § 14-10-122, C.R.S.1973. We disagree with appellant.
Section 14-10-122, C.R.S.1973, states:
"The provision as to property disposition may not be revoked or modified unless the court finds the existence of conditions that justify the reopening of a judgment." (emphasis added)
A division of property in a dissolution action is a final judgment, not subject to subsequent modification, except under circumstances in which a final judgment may be vacated. See Lay v. Lay, 162 Colo. 43, 425 P.2d 704 (1967); In re Marriage of Lowery, 39 Colo.App. 413, 568 P.2d 103 (1977), aff'd, Lowery v. Lowery, Colo., 575 P.2d 430 (1978). A final judgment may be vacated only as provided for in C.R.C.P. 60. See also Dudley v. Keller, 33 Colo.App. 320, 521 P.2d 175 (1974).
Contrary to appellant's argument, the rule expounded in Ingels v. Ingels, 29 Colo.App. 585, 487 P.2d 812 (1971), has no application under the new statute. In Ingels, we held that because C.R.S.1963, 46-1-5, provided that the trial court shall retain jurisdiction to modify property division orders, the statute superseded C.R.C.P. 60 by virtue of C.R.C.P. 81(b). There is no comparable specific provision in § 14-10-122, C.R.S.1973, controlling the procedure by which a property division order may be reopened. Therefore, in order to determine whether the judgment may be reopened, reference must be made to C.R.C.P. 60. Section 14-10-105(1), C.R.S.1973.
Appellant does not allege that the trial court committed a clerical error in failing to divide the husband's interest in the lawsuit. C.R.C.P. 60(a). And we do not find any indication in the record that the court failed through omission or oversight to make specific mention of the lawsuit. Therefore appellant is not entitled to a reopening of the judgment under C.R.C.P. 60(a).
Nor is appellant entitled to relief under C.R.C.P. 60(b). Appellant is precluded from asserting mistake or inadvertence as grounds to reopen the judgment not only because the statutory period of six months has long since passed, but also because C.R.C.P. 60(b) contemplates mistake or inadvertence by a party to the action, not by the court. Columbia Savings & Loan Ass'n v. District Court, 186 Colo. 212, 526 P.2d 661 (1974). Appellant does not allege any other grounds sufficient to secure relief under C.R.C.P. 60(b).
Judgment affirmed.
BERMAN and VAN CISE, JJ., concur.