In re the MARRIAGE of Babette E. COHEN, Appellee,

and

Mitchell B. Cohen, Appellant.

No. 79CA0892.

Colorado Court of Appeals, Div. I.

April 10, 1980.

Wegher & Fulton, P. C., David R. DeMuro, Denver, for appellee.

Lozow & Lozow, Gary Lozow, Denver, for appellant.

COYTE, Judge.

Husband appeals the trial court judgment denying his motion to terminate or modify maintenance. He contends that the court erred in ruling that, under the Uniform Dissolution of Marriage Act, § 14–10–101 et seq., C.R.S.1973, the trial court may not modify a provision for permanent maintenance included in an agreement which has been incorporated into a dissolution of marriage decree unless the court has specifically reserved its power to do so. We reverse.

In May 1976, the parties entered into a separation agreement, including a provision for maintenance, which neither expressly provided for nor precluded future modification of its terms. This agreement was subsequently incorporated into the court decree. Husband contends that to the extent the maintenance provision has become unconscionable by virtue of changed conditions, it is subject to modification. We agree.

Wife argues that under *In re Marriage of Corley*, 38 Colo.App. 319, 558 P.2d 450

(1976), modification is proper only upon a showing of fraud or overreaching, or by agreement of the parties. *Corley*, however, stands for the proposition that where the terms of the decree specifically preclude modification without the written consent of the parties, then the court can modify the agreement only upon a showing of fraud or overreaching. *See Lay v. Lay*, 162 Colo. 43, 425 P.2d 704 (1967). In contrast, here, there is no agreement precluding or limiting modification; thus, *Corley* is inapposite. Insofar as *Corley* may have indicated that the rule is to the contrary, we now clarify that issue.

Section 14–10–122(1), C.R.S.1973, provides that, except where the decree expressly precludes or limits modification, the court may modify any maintenance provision as to future installments upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. *See In re Marriage of Lowery*, 39 Colo.App. 413, 568 P.2d 103 (1977), *aff'd*, 195 Colo. 86, 575 P.2d 430 (1978). Here, since the decree did not reserve any power to modify, the maintenance provision is modifiable only upon a proper showing under § 14–10–122(1), C.R.S.1973.

Wife also contends that husband's failure to file a motion for new trial pursuant to C.R.C.P. 59(f) deprives this court of jurisdiction to consider this appeal. However, C.R.C.P. 59(h) provides an exception to the new trial motion requirement "after any hearing not involving controverted issues of fact." Here, the trial court refused to hear testimony on the modification of maintenance issue, and, on appeal, the issue presented involves a pure question of law. Thus, wife's contention is without merit. *See Colorado State Board of Social Services v. Billings*, 175 Colo. 380, 487 P.2d 1110 (1971).

Judgment reversed and cause remanded to the trial court for consideration of husband's motion to terminate or modify maintenance in accordance with the conclusions expressed above and the unconscionability test announced in *In re Marriage of Lowery, supra.*

ENOCH, C. J., and SMITH, J., concur.