**Phyllis Jean MALMGREN,**
**Obligee-Appellant,**

v.

**Francis E. MALMGREN,**
**Obligor-Appellee.**

**No. 79CA1072.**

Colorado Court of Appeals,
Div. I.

March 26, 1981.

Lambert & Owens, Edmund G. Lambert, Lakewood, for obligee-appellant.

Pferdesteller, Vondy, Horton &.Worth, P. C., Fred W. Vondy, Denver, for obligor-appellee.

SILVERSTEIN,* Judge.

This appeal arises from orders entered in proceedings under § 14–5–137, C.R.S.1973, of the Revised Uniform Reciprocal Enforce-

ment of Support Act, § 14–5–101 et seq., C.R.S.1973. Appellant, as obligee in a Kansas divorce decree, registered the decree in the Jefferson County District Court to recover arrearages of child support and maintenance payments due under the decree. Appellee, the obligor, answered, seeking vacation of the registration, and reduction or termination of "alimony" payments.

The trial court entered judgment against the appellee for the past due arrearages and ordered that: "The original award of alimony shall continue ... for a period of one year from this date and shall then terminate." This appeal is from that part of the order terminating maintenance. We reverse.

The Kansas decree, as pertinent here, provided for payment of $200 a month for maintenance, and that such "payments shall continue until the death or remarriage of [appellant], at which time they shall cease, or until further order of this court."

Appellant first asserts that § 14–11–101, C.R.S.1973 (1980 Cum.Supp.), prevents the court from modifying the decree. She relies on that part of the section which states that the court "is empowered to amend, modify, set aside, and make new orders as the court may find necessary and proper so as to do justice and equity to all parties to the action according to the public policy of this state." She urges that, since the Kansas decree conforms in all respects to the public policy of Colorado, the trial court could not change its provisions.

■ This claim is without merit. The present proceeding was begun under § 14–5–137 through § 14–5–141, C.R.S.1973, and the provisions of those sections control. In order to come within the purview of § 14–11–101, C.R.S.1973, exemplified copies of all written pleadings and court orders on the foreign action must be filed with the Colorado court. This was not done here; thus, the provisions of that section are inapplicable.

Section 14–5–141(1), C.R.S.1973, provides that when a support order has been registered:

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the Colo.Const., Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1980 Cum.Supp.).

"[i]t shall have the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state...."

■ Section 14–5–141(2), C.R.S.1973, permits the obligor to petition for vacation of the registration or "for other relief." Under these provisions the Colorado court has the power to modify the support order.

Appellant also asserts that, even if it is assumed that the trial court has the right to modify the decree, it can do so "only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Section 14–10–122(1), C.R.S.1973. We agree.

■ As set forth above, upon registration the Kansas decree became in effect, a Colorado order, and subject to the same limitations as to modification as if entered in a Colorado court. Such orders can only be modified by compliance with § 14–10–122, *supra. In re Marriage of Lodholm*, 35 Colo. App. 411, 536 P.2d 842 (1975).

Appellant further claims that the trial court failed to apply that standard in modifying the decree. Again, we agree.

The evidence is undisputed that appellee lost his job a week before the hearing because of his employer's terminating the business. However, appellee is, as found by the trial court, healthy and capable of earning an income of $20,000 a year. It is also undisputed that subsequent to the divorce, the appellant has become trained as a laboratory technician in a limited field, but because of allergies developed in that work, she can no longer work in that area; and that she has no training for any other kind of work, and is currently unemployed. The trial court made no findings and conclusions relative to the modification, other than the finding relative to appellee's health and earning capacity.

We have previously held that, in modifying a provision for maintenance, the burden is on the party seeking the modification to prove a substantial and continuing change of circumstances, *In re Marriage of Lod-*

*holm, supra,* and that, in considering the modification, the court should take into account the provisions of § 14–10–114, C.R.S.1973. *In re Marriage of Lowery*, 39 Colo. App. 413, 568 P.2d 103 (1977), *aff'd*, 195 Colo. 86, 575 P.2d 430 (1978).

■ Because of the lack of findings by the trial court, we cannot determine what was the basis for the modification. However, it is clear from the record that the provisions of § 14–10–114, C.R.S.1973, (including the amendment to subparagraph (2)(b) thereof in 1980 Cum.Supp.), were not considered by the trial court. Therefore, the cause must be remanded.

The judgment is reversed and the cause is remanded for a further hearing on the petition for modification, but we direct that the order for maintenance at $200 per month shall remain in effect, pending further order of the trial court.

COYTE and STERNBERG, JJ., concur.