In re MARRIAGE OF: Patricia A. THOMPSON, Appellant,

and

Wayne Thompson, Appellee.

No. 81CA0495.

Colorado Court of Appeals, Div. III.

Jan. 21, 1982.

James S. Kimmel, Littleton, for appellant.

Miller & Leher, Robert C. Leher, Littleton, for appellee.

STERNBERG, Judge.

The 16-year marriage of the parties was dissolved in 1974. A separation agreement they had signed was found by the court not to be unconscionable, was approved, and was made a part of the dissolution decree. One provision of the 1974 separation agreement obligated the husband to pay maintenance of $650 per month until the family home was sold or until April 1985, when maintenance would be reduced to $400 per month. Based upon compelling facts presented at a hearing in 1981, the trial

court reduced the maintenance to $325 per month until April of 1985, and ordered that it then terminate. The wife appeals, asserting that the court was without power to modify the maintenance provisions of the separation agreement. We agree and therefore reverse.

The 1974 separation agreement was a complete integrated contract. It contained specific provisions regarding maintenance, child support, and property division, and recited that it "contains the entire understanding between the parties." The agreement made no provision allowing for later modification of its terms by the trial court. Rather, it stated that:

"[T]he provisions of this agreement shall constitute a full, final and complete settlement of all alimony, support and maintenance, both temporary and permanent, division of property, property rights and any and all other claims of any kind whatsoever."

The agreement also provided that:

"No modification of any of the terms of this agreement shall be valid unless in writing and executed with the same formality as this agreement."

Section 14–10–112(6), C.R.S.1973, states that, except for provisions relating to children, "the [dissolution] decree may expressly preclude or limit modification of the terms as set forth in the decree if the separation agreement so provides." Here, the separation agreement specifically precluded modification and the trial court, in 1974, made the agreement a part of the decree. In spite of this language, in the 1981 proceeding the trial court did modify the maintenance provision of the agreement and decree. This was error.

With respect to the divorce statute that preceded the Uniform Dissolution of Marriage Act, this situation was dealt with in *Lay v. Lay*, 162 Colo. 43, 425 P.2d 704 (1967). There the court stated:

"It is well-established in this state that a property settlement agreement which is approved and incorporated in a divorce decree cannot subsequently be modified, in the absence of fraud or overreaching.

(citations omitted) It is similarly well-settled that a provision in an agreement which obligates the husband to make fixed monthly payments to the wife, where the agreement is approved by the court and incorporated in the decree of divorce, is not subject to subsequent modification."

Interpreting § 14–10–112(6), C.R.S.1973, in *In re Marriage of Corley*, 38 Colo.App. 319, 558 P.2d 450 (1976), the court applied the rule of *Lay v. Lay, supra*, and held that since there was no reservation in the trial court of the power to modify a maintenance provision, the court could not do so.

The rationale for applying contractual doctrine to an integrated property settlement agreement—the rule in *Lay v. Lay* —is compelling. Just as maintenance and property division issues are inextricably interwoven when litigated, *Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972); *In re Marriage of Lodholm*, 35 Colo.App. 411, 536 P.2d 842 (1975), so too are they dealt with together by parties negotiating a separation agreement: One party, for example, may agree to pay greater maintenance in return for a larger share of property, or vice versa. Indeed, the waiver of the right to seek modification in and of itself could well be the consideration for a concession in the amount or duration of maintenance, or in the property received by a party. Thus, to permit reconsideration of the amount of maintenance contracted for, without also reopening the property division, would be inequitable. Application of the rule of *Lay v. Lay* avoids the unfairness of allowing a court to change one but not another part of an integrated contract. To us this seems to be the rationale behind the adoption by the General Assembly of § 14–10–112(6), C.R.S. 1973.

The husband urges, and the trial court concluded, that the rule of *Lay v. Lay*, *supra*, and the language of § 14–10–112(6), C.R.S.1973, have been changed by two cases decided by this court: *In re Marriage of Lowery*, 39 Colo.App. 413, 568 P.2d 103 (1977), *aff'd*, 195 Colo. 86, 575 P.2d 430

(1978), and *In re Marriage of Cohen*, Colo. App., 610 P.2d 1092 (1980). These cases do not change the rule of *Lay*, or of the statute; nor are they out of harmony with *In re Marriage of Corley, supra.*

In *Lowery, supra*, the agreement provided that it could not be modified except by court order. By clear implication, then the agreement *could* be modified by the court. The power to modify being reserved, the court properly looked to the terms of the agreement and the decree in light of the then current financial circumstances and found it not to have become unconscionable.[1]

In *Cohen, supra*, the decree "neither expressly provided for nor precluded future modification." Because "there [was] no agreement precluding or limiting modification," it was held that the agreement could be modified if there was a change of circumstances rendering it unconscionable.

 Thus, in *Lowery* there was an express reservation of the power to modify, and in *Cohen* there was no preclusion of the power to modify. Consequently, in both cases the court properly reached the question of whether the decree had become unconscionable. To determine if a trial court has authority to modify the maintenance provision of a separation agreement the terms of the agreement and dissolution decree must be examined. The rule is that a trial court has authority to test a settlement agreement on the standard of present unconscionability[2] and for possible modification of maintenance under two circumstances: if the agreement or the decree reserves that power to the trial court, *Lowery, supra*; or, if the agreement and the decree are silent on the power to modify, *Cohen, supra.* Section 14–10–112(6), C.R.S. 1973.

In the instant case, as in *Corley, supra*, not only was there no reservation in the trial court of the power to modify, but also the agreement precluded future modification. The fact that the agreement here, and in *Corley*, allowed modification by agreement of the parties is not a reservation to the court of the power to modify; rather, it is a limitation on the court's power.

Consequently, we hold that under § 14–10–112(6), C.R.S.1973, the trial court did not have the power to modify maintenance in this case. *Corley, supra.* Cf. *In re Marriage of Stroud*, Colo., 631 P.2d 168 (1981).

The order is reversed and the cause is remanded with directions to dismiss the husband's motion to modify maintenance.

KIRSHBAUM and TURSI, JJ., concur.

---

1. It is true that language contained in this court's opinion in *Lowery* could be construed to cast doubt on the survival of the doctrine of *Lay v. Lay* after passage of the Uniform Dissolution of Marriage Act. However, the analysis of *Lay v. Lay* contained in that opinion was not necessary to the conclusion reached, and was neither discussed nor adopted in the Supreme Court opinion. In any event the rule of *Lay v. Lay* has been codified by § 14–10–112(6), C.R. S.1973.

2. For the meaning of the term unconscionability, *see In re Marriage of Anderson*, Colo.App., 638 P.2d 826 (1981).