In re the MARRIAGE OF Shirley ROTHER, Appellee,

and

**Theodore Rother, Appellant.**

No. 81CA1290.

Colorado Court of Appeals, Div. III.

Aug. 26, 1982.

Wiggins & Smith, P.C., Claude C. Wild, III, Denver, for appellant.

No appearance for appellee.

SMITH, Judge.

In this dissolution of marriage action, husband appeals a determination by the trial court that it lacked jurisdiction to modify the parties' settlement agreement regarding maintenance and insurance. We reverse.

In 1974, the court entered an order approving a settlement agreement between the parties which provided, *inter alia,* that husband would pay maintenance to wife and would continue to pay the premiums on her auto and health insurance policies. In 1981, husband filed a motion pursuant to § 14–10–122, C.R.S.1973, to reduce maintenance and terminate the insurance payments. He alleged that the terms relative to these issues had become unconscionable because of substantial changes in circumstances.

In denying the motion, the trial court ruled that paragraph 20 of the agreement deprived it of jurisdiction to modify the terms of the settlement agreement relative to maintenance. That paragraph provides in pertinent part: "No modification or waiver of any of the terms hereof shall be valid unless in writing and signed by both parties."

■ It is true that, generally, such language is a limitation on the court's power. *In re Marriage of Thompson,* 640 P.2d 279 (Colo.App.1982). However, here, the parties in paragraph 22 of their agreement have further provided, *inter alia,* that:

"It is *expressly* understood and agreed that the court *shall retain continuing jurisdiction* of the parties and the subject matters of child custody, support, and *maintenance.*" (emphasis added)

*Thompson, supra,* succinctly analyzed the method by which the parties may preclude the court from modifying their agreement relative to maintenance as follows:

"The rule is that a trial court has authority to test a settlement agreement on the standard of present unconscionability and for possible modification of maintenance under two circumstances: If the agreement and the decree reserves that power to the trial court, *In re Marriage of Lowery,* 39 Colo.App. 413, 568 P.2d 103 (1977), *aff'd,* 195 Colo. 86, 575 P.2d 430 (1978); or if the agreement and the decree are silent on the power to modify, *In re Marriage of Cohen,* 44 Colo.App. 200, 610 P.2d 1092 (1980). . . ." (Citations added)

■ Thus, while § 14–10–112(6), C.R.S. 1973, permits the parties to restrict the

jurisdiction of the court to modify the maintenance terms of a settlement agreement, such a restriction must specifically and unequivocally preclude modification. *In re Marriage of Thompson, supra; In re Marriage of Cohen, supra; In re Marriage of Lowery, supra.* Here, there was no such specific restriction.

In determining the essential meaning of any agreement, the court must undertake an examination of the entire instrument. *Estate of Haywood v. Gross,* 43 Colo.App. 127, 599 P.2d 976 (1979). The agreement must be construed as a whole and effect given, if possible, to every provision. *Oliner v. City of Englewood,* 42 Colo. App. 106, 593 P.2d 977 (1979). Thus, in light of the expressed intention of the parties that the court retain jurisdiction to modify maintenance as contained in paragraph 22, we can read paragraph 20 as only providing the method by which the parties themselves may modify their agreement.

Accordingly, the court's order is reversed and the cause is remanded for a hearing on the merits of the husband's motion to modify.

BERMAN and KIRSHBAUM, JJ., concur.