**In re the MARRIAGE OF Gwendolyn Ann BURNS, Appellant and Cross-Appellee,**

**and**

**Paul Thomas Burns, Appellee and Cross-Appellant.**

**No. 83CA0816.**

Colorado Court of Appeals, Div. III.

Dec. 19, 1985.

Rehearing Denied Jan. 30, 1986.

Certiorari Granted (Gwendolyn) April 14, 1986.

Richard Kaufman, Aurora, for appellant and cross-appellee.

John M. Case, P.C., John M. Case, Richard P. Brentlinger, Denver, for appellee and cross-appellant.

PIERCE, Judge.

Gwendolyn Ann Burns (wife) appeals from a denial of her petition for equitable relief seeking to modify and reopen her dissolution of marriage decree. Paul Thomas Burns (husband) cross-appeals from an award of attorney fees to wife. We affirm the denial of the petition and reverse the award of attorney fees.

The decree dissolving the marriage between wife and husband was entered in March 1980. That decree of dissolution incorporated a property settlement agreement which was found by the court not to be unconscionable as to support, maintenance, and property division. In addition, the parties agreed in the property settlement agreement that their antenuptial agreement was enforceable and binding upon both parties.

In January 1981, wife filed an independent action seeking to reopen the dissolution decree based on allegations that the antenuptial agreement was invalid and that the separation agreement was unconscionable, as well as having been fraudulently induced by husband. This equitable action was consolidated for purposes of a hearing with the prior dissolution action.

Following trial on the equitable action, the court found that there was no reliance by wife on the misleading statements made by husband. Hence, it concluded that no fraud had been proven, and it refused to set aside or reopen the dissolution of marriage decree. In this appeal, wife again, among other claims, argues for setting aside the judgment because of insufficient evidence supporting the trial court's finding that she did not rely on the husband's representations, and she again attacks the antenuptial agreement and the property settlement agreement on grounds of inval-

idity and unconscionability. In his cross-appeal, husband not only attacks the grant of attorney fees to wife, but also requests attorney fees according to § 13–17–101, C.R.S. (1985 Cum.Supp.).

## I.

### Relief from Judgment

■ Property division provisions of a dissolution of marriage decree "may not be revoked or modified unless the court finds the existence of conditions that justify the reopening of a judgment." Section 14–10–122(1), C.R.S.; *In re Marriage of Stroud*, 631 P.2d 168 (Colo.1981). Thus, the provisions concerning property disposition, particularly ones set forth in a separation agreement which has been incorporated into a dissolution of marriage decree, may not be set aside or modified unless the conditions of C.R.C.P. 60 are met. *In re Marriage of Seely*, 689 P.2d 1154 (Colo. App.1984); *In re Marriage of Scheuerman*, 42 Colo.App. 206, 591 P.2d 1044 (1979).

■ Fraud is one of the reasons set forth in C.R.C.P. 60(b)(2), which, if found, would justify relief from judgment. *See Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). However, the trial court's finding that wife did not rely on misleading statements made by husband negates the existence of one of the necessary elements of fraud as identified in *Morrison v. Goodspeed*, 100 Colo. 470, 68 P.2d 458 (1937). The trial court's factual finding of the lack of reliance is supported by the record. Wife's own testimony at trial revealed that she relied on the advice of counsel, and that she did not see husband's financial affidavit until after the divorce. Thus, having failed to prove the fraud she alleged, she was not entitled to relief from judgment under C.R.C.P. 60(b)(2).

Absent a justification for reopening the dissolution of marriage decree, the trial court properly refused to permit relitigation of the issues already decided in that action regarding the validity of the ante-nuptial agreement, the unconscionability of the property settlement agreement, and the disposition of the property which had already been decided. *See* § 14–10–122(1), C.R.S. Likewise, on appeal, we do not address wife's contentions regarding those items.

Wife's remaining contentions are without merit.

## II.

### Attorney Fees

■ On cross-appeal, husband argues that the attorney fees granted to wife are not recoverable under § 14–10–119, C.R.S., because wife's independent equitable action is not pursuant to the dissolution of marriage act. We agree. Although for purposes of the hearing, wife's equitable action was consolidated by the trial court with the parties' dissolution of marriage action, the decree was never reopened. Therefore, because the original decree remained in force, there were no proceedings to which § 14–10–119, C.R.S., would be applicable.

The record supports the trial court's conclusion that wife's claim was not frivolous, and therefore, we affirm its denial of attorney fees under § 13–17–101, C.R.S., to husband.

The judgment is reversed as to the award of attorney fees to wife and is affirmed in all other particulars. The cause is remanded for correction of the judgment of attorney fees to wife.

SMITH and TURSI, JJ., concur.