M.F. and E.F. by her next friend, M.F., Plaintiffs–Appellants,

v.

L.M., Defendant–Appellee.

No. 88CA1716.

Colorado Court of Appeals, Div. IV.

Aug. 24, 1989.

Hornbein MacDonald Fattor and Hobbs P.C., James C. Fattor, Denver, for plaintiffs-appellants.

Brega & Winters, P.C., Robert R. Dormer, Denver, for defendant-appellee.

FISCHBACH, Judge.

M.F. (mother) individually, and on behalf of E.F. (child), appeals the order of the trial court determining that it lacked jurisdiction to modify an agreement for lump-sum child support. We reverse and remand.

In July 1984, mother commenced an action for the determination of the father-child relationship and for child support. In August 1984, mother and L.M. (father) reached a stipulation for lump-sum child support. However, the trial court, concerned that the waiver of the rights of the unrepresented child was unconscionable, appointed a guardian ad litem. After a hearing in October 1984, at which time the court continued to express reservations, the court allowed the parties and the guardian ad litem additional time to submit an amended stipulation.

On April 26, 1985, the trial court approved the amended stipulation which was signed by all parties and the guardian ad litem. The amended stipulation provided that father would pay child support in the amount of $10,000, to be paid at the rate of $150 per week until paid in full. In the context of the issues raised in this appeal, we accept, without deciding, the correctness of the trial court's characterization of such method of payment as lump-sum child support.

The agreement further provided that father would have no other obligation to reimburse, or to pay for, the past, present, or future support of the child. In return, father waived any and all rights to custody or visitation with the child. As a subparagraph under the heading "miscellaneous," the amended stipulation also provided:

"All parties stipulate and agree that neither this stipulation, ·nor any provision thereof, shall be amended or modified, or be deemed to be amended or modified, except by agreement, in writing, duly subscribed and acknowledged with the same formality as the within stipulation, *or by further order of the Court, which retains jurisdiction over the parties and the subject matter of this action."* (emphasis added)

The court order approving the stipulation provided, in pertinent part, that "the Court maintains continuing jurisdiction as provided by the Children's Code."

In June 1988, mother filed a verified motion for modification of child support. She alleged that father had not complied with the terms of the stipulation for child support. She also alleged that she had insufficient funds to meet the increased needs of the child and that father had the ability to provide regular monthly support. The trial court denied this motion because, "based upon the history of this case ... [and] based upon the representations made," it concluded that it did not have jurisdiction to modify a lump-sum payment for support.

Mother contends that this threshold conclusion was erroneous and requests that this matter be remanded for an evidentiary hearing to determine the merits of her motion. We agree.

## I.

■ Under § 19–4–116(4), C.R.S. (1988 Cum.Supp.), a lump-sum payment or the purchase of an annuity may be ordered in lieu of periodic payments of child support in a paternity action. Also, § 19–4–119, C.R.S. (1988 Cum.Supp.) provides that:

"(1) *The court has continuing jurisdiction to modify or revoke a judgment* or order:

(a) For future education and support; and

(b) With respect to matters listed in sections 19–4–116(3) and (4) and 19–4–118(2); *except that a court* entering a judgment or order for the payment of a lump sum or the purchase of an annuity under § 19–4–116(4) *may specify that the judgment or order may not be modified or revoked.*" (emphasis added)

Our task in construing § 19–4–119 is to discern the intent of the General Assembly. *Ingram v. Cooper,* 698 P.2d 1314 (Colo. 1985). The use of the word "may" in the last clause of subsection (1)(b) indicates that the General Assembly intended to allow the trial court to exercise broad discretion on a case-by-case basis to determine whether a lump-sum child support order is to be modifiable. *See People in Interest of L.W.,* 756 P.2d 392 (Colo.App.1988). We conclude, therefore, that in the absence of express and unequivocal language specifying the non-revocable and non-modifiable nature of a stipulation and order for lump-sum support, the court retains the power granted by § 19–4–119 to modify or revoke such an order pursuant to § 19–6–104(4), C.R.S. (1988 Cum.Supp.). *See In re Marriage of Rother,* 651 P.2d 457 (Colo.App. 1982).

Although the statutory scheme allows the parties in a paternity proceeding to enter into an agreement limiting their rights and responsibilities and, in turn, affecting the rights of the child, the countervailing public policy protecting the rights of the child is preserved by the interpretation that the court approving such an agreement explicitly must specify that the order may not be modified or revoked. *Cf. Martinez v. Continental Enterprises,* 730 P.2d 308 (Colo.1986).

## II.

■ Next, we must examine the stipulation and order at issue here to determine whether the language used therein divested the trial court of further jurisdiction to modify.

As a reviewing court, we may draw our own conclusions from evidence which is presented in the form of documentary material. *Werner v. Baker,* 693 P.2d 385 (Colo.App.1984). In determining the essential meaning of any agreement, an examination of the entire agreement must be undertaken. *In re Marriage of Rother, supra.* Furthermore, an unambiguous document must be interpreted based only upon the information contained within its four corners. *Neves v. Potter,* 769 P.2d 1047 (Colo.1989).

Here, as in *In re Marriage of Rother, supra,* the expressed intent of the stipulation provided two methods by which the parties could alter their agreement: by further agreement or by court order. It also reflected the parties' specific intent that the court retain jurisdiction regarding the issues addressed by the stipulation. And, rather than specifying that the stipulation could not be altered, the order approving the stipulation expressly reserved continuing jurisdiction of the court. Thus, the amended stipulation, as approved by the court, remains modifiable.

## III.

Finally, because the order here specifically authorized modification, we agree with mother that an evidentiary hearing is necessary to ascertain whether there has been a "change in relevant circumstances" justifying a modification of support. *See Ashcraft v. Allis,* 747 P.2d 1274 (Colo.App.

1987). The child support guidelines, § 14–10–115, C.R.S. (1987 Repl.Vol. 6B) will apply. *See* § 19–4–129, C.R.S. (1988 Cum. Supp.)

Accordingly, the order is reversed and the cause is remanded to the trial court for an evidentiary hearing on the merits of mother's motion to modify child support.

TURSI and DUBOFSKY, JJ., concur.