In re the MARRIAGE OF Brigitte
BURKE, Appellee,

and

Michael B. Burke, Appellant.

No. 01CA0231.

Colorado Court of Appeals,
Div. III.

Nov. 23, 2001.

Conrad R. Kindsfather & Associates, Conrad R. Kindsfather, Arvada, CO, for Appellee.

Marc J. Kaplan, LLC, Marc J. Kaplan, Denver, CO, for Appellant.

Opinion by Judge JONES.

In this proceeding from the dissolution of a twenty-six-year marriage, Michael B. Burke (husband) raises the issue whether the trial court erred in affirming the magistrate's determination that the parties' separation agreement divested the court of jurisdiction to consider his motion to modify maintenance payable to Brigitte Burke (wife). We reverse.

The parties' 1998 stipulation for permanent orders was read into the record at the time the decree of dissolution was entered and, later, the transcript of the oral stipulation was adopted as an order of the court. The husband agreed to pay the wife $190 per month maintenance during the period that he was obligated to pay child support for the parties' minor son, then age seventeen. He also agreed that after the minor child reached the age of nineteen, "contractual maintenance for a period of three years in the amount of $230 per month shall be provided.... At the end of that three-year time, maintenance is waived forever."

In accepting the separation agreement, incorporating it in the decree of dissolution, and granting the decree of dissolution, the court retained jurisdiction "as provided by law."

In September 2000, the husband filed a motion to modify maintenance, alleging that his income was much less than that contemplated at the time of permanent orders and that reduced maintenance was warranted based upon a substantial and continuing change of circumstances.

The magistrate found that the parties agreed that the minor child was emancipated as of June 1, 2000, and determined that an evidentiary hearing was not necessary to resolve the issue of modification of maintenance. Based upon the record, the magistrate determined that the maintenance provision of the parties' oral agreement was contractual for three more years, after which maintenance was waived forever and the court was divested of the power to modify. The magistrate further concluded that the use of the word "contractual" in the parties' agreement, together with the wife's waiver at the end of three years, demonstrated the parties' intent to divest the court of jurisdiction to review maintenance during the three-year period, as well as thereafter.

Accordingly, the magistrate concluded that the court did not have the authority to review maintenance during the three-year period and determined that the husband was obligated to pay nonmodifiable maintenance in the amount of $230 per month commencing June 1, 2000, for three years. On review, the trial court agreed with the magistrate's legal analysis of the agreement and, therefore, affirmed.

The husband contends that the magistrate and the trial judge erred in interpreting the parties' agreement because the decree provided that the court specifically retained jurisdiction "as provided by law" and the labeling of support as "contractual maintenance" did not constitute an express preclusion or limitation of the statutory right to modify maintenance. We agree.

■ Interpretation of a contract is a question of law. *In re Marriage of Thomason*, 802 P.2d 1189 (Colo.App.1990).

■ Section 14–10–122(1)(a), C.R.S.2001, provides that "any decree respecting maintenance" may be modified upon a showing of

"changed circumstances so substantial and continuing as to make the terms unfair." The words "any decree" mean all maintenance decrees, not just open-ended decrees. *In re Marriage of Sinn*, 696 P.2d 333, 335–36 (Colo.1985)(interpreting former version of statute, which contained "unconscionable" standard instead of "unfair" standard).

An exception to this general rule exists when the decree expressly precludes or limits modification. *In re Marriage of Sinn, supra; In re Marriage of Cohen*, 44 Colo. App. 200, 610 P.2d 1092 (1980).

Any effort to limit or preclude the authority of a district court to modify the maintenance provision of a separation agreement must be articulated in language that is specific and unequivocal. *In re Marriage of Rother*, 651 P.2d 457 (Colo.App.1982). For example, an agreement that allows for modification only by agreement of the parties constitutes a limitation on the court's power. *In re Marriage of Thompson*, 640 P.2d 279 (Colo.App.1982).

If an agreement is silent on the subject, or if the parties specifically reserve such power to the court, a district court may modify the maintenance provisions of a separation agreement incorporated into a dissolution decree. *In re Marriage of Udis*, 780 P.2d 499 (Colo.1989).

Here, the parties' oral agreement was never reduced to writing, so review is limited to the provisions read into the record at the time the decree was entered. While the parties expressly provided for a waiver of maintenance after the period of three years following the emancipation of their son, they were silent regarding modification of maintenance during the period for which it was owed. They did not state the basis for the payment of maintenance.

Moreover, when it approved the parties' agreement and granted the decree of dissolution, the trial court expressly stated that it retained such jurisdiction as provided by law. This recitation was sufficient to reserve to the court the jurisdiction to modify maintenance. *See In re Marriage of Udis, supra; see also In re Marriage of Aldinger*, 813 P.2d 836 (Colo.App.1991)(provisions requiring that modification be in writing and signed and dated by both parties, and that maintenance would continue for a period of twenty-four months or until further order of court, did not constitute the unequivocal language necessary to preclude the court from modifying maintenance).

Thus, we conclude that the husband's obligation to pay maintenance could be modified based upon a substantial and continuing change of circumstances during the period for which it was due. *See In re Marriage of Cohen, supra.*

Because we have concluded that the trial court was not divested of jurisdiction to modify maintenance during the three-year period after emancipation of the child, we necessarily reject the wife's request for attorney fees based upon a groundless and vexatious appeal.

Accordingly, the order is reversed, and the case is remanded with directions that the district court remand the matter to the magistrate for determination of the husband's motion to modify maintenance.

Judge ROTHENBERG and Judge NIETO concur.