In re the **MARRIAGE OF Michelle GREEN, n/k/a Michelle Routzon, Appellee,**

and

**Kenneth Green, Appellant.**

**No. 02CA2610.**

Colorado Court of Appeals, Div. V.

May 6, 2004.

Greene, Meyer & McElroy, P.C., Patricia A. McEahern, Boulder, Colorado, for Appellee.

Kenneth Green, Pro Se.

Opinion by Judge VOGT.

Kenneth Green (husband) appeals from the trial court's order denying his motion to modify his child support obligation. We reverse and remand with directions.

The marriage between husband and Michelle Green, n/k/a Michele Routzon (wife), was dissolved by decree entered in December 1988. Wife was granted sole custody of the parties' two minor children. Husband was ordered to pay child support in the amount of $255 per month until either of the children reached the age of twenty-one, died, or became and remained emancipated, or until further order of the court.

Shortly after the decree entered, the older child moved into the paternal grandmother's home with wife's consent. No changes to the permanent orders were requested or made, and husband did not make any support payments.

In October 1998, the county department of social services obtained a verified entry of judgment against husband in the amount of $26,325 for child support arrearages accrued from December 1988 through August 1998. In June 2002, husband filed a motion to modify child support retroactively to January 1989, to vacate the judgment, and to modify current child support prospectively.

The trial court ruled on the motion based on the parties' written submissions and the file. The court acknowledged that § 14–10–122(5), C.R.S.2003, allows retroactive modification of child support where there has been a mutually agreed upon change of physical custody. However, the court reasoned, because a judgment had entered on the unpaid child support arrearages, the judgment could be set aside only pursuant to C.R.C.P. 60(b). The court found that husband's motion, filed more than three and one-half years after the child support judgment entered, was not made within a reasonable time, as required by the rule. It accordingly declined to modify child support retroactively.

The court granted husband's request for prospective modification of the child support obligation for the younger child, relying on a worksheet provided by the department of social services.

## I.

■ Husband contends that the trial court erred in ruling that his request for retroactive modification of child support was time barred. He argues that the statutes governing retroactive modification of child support upon change of physical custody conflict with C.R.C.P. 60(b) and therefore control over the rule. We agree.

C.R.C.P. 81(b) states that the rules of civil procedure "shall not govern procedure and practice in actions in dissolution of marriage . . . insofar as they may be inconsistent or in conflict with the procedure and practice provided by the applicable statutes." *See also* § 14–10–105, C.R.S.2003 (rules of civil procedure apply in dissolution proceedings except as otherwise specifically provided in dissolution statutes); *Moats v. Moats,* 168 Colo. 120, 450 P.2d 64 (1969)(compulsory counterclaim rule did not bar divorce action where statute permitted it).

Thus, in determining whether parties seeking relief from a judgment or decree in a dissolution action were required to comply with C.R.C.P. 60, courts have considered whether the relevant statute contemplated modification of the judgment or decree other than pursuant to C.R.C.P. 60. *Compare Ingels v. Ingels,* 29 Colo.App. 585, 487 P.2d 812 (1971)(time requirements of C.R.C.P. 60(b) were inapplicable to motion to modify decree as to property division, where statute provided that court would retain jurisdiction to modify property division and set no time limit), *with In re Marriage of Scheuerman,*

42 Colo.App. 206, 591 P.2d 1044 (1979)(*Ingels* did not apply where new statute made no reference to procedure by which property division order could be reopened; thus, final judgment as to division of property could be vacated only as provided for in C.R.C.P. 60).

Before § 14–10–122(1)(c) was amended to include a specific reference to retroactive modification of child support upon change of physical custody, *see* Colo. Sess. Laws 1998, ch. 215 at 765, opinions from the supreme court and this court held that child support judgments could be set aside only in accordance with C.R.C.P. 60 or by filing an independent equitable action. *See Schaffer v. District Court*, 172 Colo. 43, 470 P.2d 18 (1970)(C.R.C.P.60(b) motion alleging fraud and mistake as grounds for relief from judgment for support arrearages had to be filed within six months of judgment); *In re Marriage of Jacobs*, 859 P.2d 914 (Colo.App.1993)(noting that motion filed under C.R.C.P. 60(b) was appropriate method to seek relief from judgment for unpaid child support obligations); *In re Marriage of Warner*, 719 P.2d 363 (Colo.App.1986)(husband could seek relief from judgment for child support arrearages by motion pursuant to C.R.C.P. 59 or 60, or by filing independent equitable action; however, his motion filed more than one year after entry of the judgment was untimely).

In contrast to the statutes at issue in *Schaffer, Jacobs,* and *Warner*, the current version of § 14–10–122(1)(c), C.R.S.2003, includes a specific provision for retroactive modification of child support when physical care or custody of the child is changed by mutual agreement. The statute provides:

> In any action or proceeding in any court of this state in which child support … is ordered, a payment becomes a final money judgment, referred to in this section as a support judgment, when it is due and not paid. Such payment shall not be retroactively modified except pursuant to paragraph (a) of this subsection (1) and may be enforced as other judgments without further action by the court; *except that an existing child support order with respect to child support payable by the obligor may be modified retroactively to the time*

*that a mutually agreed upon change of physical custody occurs pursuant to subsection (5) of this section.*

(Emphasis added.) Section 14–10–122(1)(a), C.R.S.2003, to which § 14–10–122(1)(c) refers, prescribes the showing required to modify child support decrees "except as otherwise provided in subsection (5) of this section." The subsection to which both statutes refer, § 14–10–122(5) provides, as pertinent here:

> Notwithstanding the provisions of subsection (1) of this section, when a mutually agreed upon change of physical care occurs, the provisions for child support of the obligor under the existing child support order, if modified pursuant to this section, will be modified as of the date when physical care was changed.

Under these statutes, a prior child support obligation will be modified as of the date when the child's physical custody has been changed by mutual agreement. *See In re Marriage of Emerson*, 77 P.3d 923 (Colo. App.2003). Further, the statutes place no time limit on the obligor's ability to seek, or the court's authority to grant, retroactive modification of child support in these circumstances. Such lack of a time limit is consistent with the absence of a time limit for obtaining a verified entry of judgment for child support arrearages. *See In re Marriage of Morris*, 32 P.3d 625 (Colo.App.2001).

Because § 14–10–122(1)(c) expressly provides for retroactive modification of child support upon a voluntary change of physical custody without imposing any time limit for seeking modification, we conclude that C.R.C.P. 60(b), which imposes such limits, is inconsistent with the procedure contemplated in the statute. *See Ingels v. Ingels, supra.* Thus, the rule cannot be applied to bar a motion for retroactive modification of child support based on a mutually agreed upon change of physical custody.

That the child support arrearage here had been reduced to judgment does not change the analysis. Under § 14–10–122(1)(c), a child support payment automatically becomes a final money judgment when it is due and not paid. The language of the statute affords no basis for concluding that a child

support order cannot be retroactively modified once judgment has entered for unpaid amounts. Just as entry of a judgment by operation of law pursuant to § 14–10–122(1)(c) does not deprive the trial court of its authority to enforce its child support orders underlying the judgment, *see In re Marriage of Nussbeck*, 974 P.2d 493 (Colo. 1999), such entry of judgment does not deprive the court of its authority to modify retroactively a child support order based upon a voluntary change of physical custody.

In sum, husband's motion for retroactive modification of child support was not time barred. Therefore, the trial court's order so concluding must be reversed and the case remanded to permit consideration of husband's motion on the merits.

## II.

We also agree with husband that he was entitled to a hearing to determine the parties' incomes and related issues bearing on the amount of their child support obligations.

When issues of fact are in dispute, a hearing is generally required on a motion to set aside a judgment for child support arrearages. *See In re Marriage of Jacobs, supra.*

Here, the parties stipulated that the court could resolve husband's motion on the briefs, without any further hearing, "unless the Court determines that a hearing is necessary to hear any factual issues that may be in dispute." The record reflects that numerous issues of fact were disputed, including the time during which the older child lived with husband or husband's mother and the appropriate amount of income to be attributed to husband and to wife. Thus, on remand, a hearing should be held to resolve disputed issues of fact regarding the parties' support obligations.

In light of our resolution of the issues, we deny wife's request that she be awarded her attorney fees on appeal based on husband's assertedly vexatious and frivolous contentions.

The order is reversed, and the case is remanded for further proceedings in accordance with the views expressed here.

Judge DAILEY and Judge RUSSEL concur.