**UNITED BANK OF DENVER NATIONAL ASSOCIATION, Plaintiff-Appellant,**

v.

**Fred O. WRIGHT, and Valli G. Wright, Defendants-Appellees.**

**No. 82CA0080.**

Colorado Court of Appeals, Div. III.

Jan. 27, 1983.

Charles P. Malone, P.C., Douglas W. Brown, Thornton, for plaintiff-appellant.

No appearance for defendants-appellees.

PIERCE, Judge.

The plaintiff, United Bank of Denver, N.A. (Bank), seeks reversal of the trial court's dismissal of its action against defendants, Fred and Valli Wright (Wrights), for two separate defaults in payment. The trial court ruled the action was barred by the statutes of limitation set out in §§ 13–80–110(1)(a) and 13–80–126, C.R.S. 1973 (1982 Cum.Supp.). We reverse.

The Wrights executed a revolving loan agreement with the Bank on which they were in default on October 15, 1972. See § 5–3–108, C.R.S.1973. The Wrights also executed a promissory note, held by the Bank, which provided for 36 monthly installments and matured on November 25, 1974. They defaulted on this note on May 25, 1973. The Wrights had left Colorado on or about July 28, 1972, and have not returned. The Bank filed this action on April 7, 1981, to recover those separate amounts due and owing, and proper service on defendants was obtained. Wrights asserted a statute of limitations defense.

An amendment to § 13–80–126, C.R.S. 1973, was enacted on May 27, 1976. Colo. Sess.Laws 1976, Ch. 90 at 527. Prior to this amendment, § 13–80–126, C.R.S.1973, tolled the statute of limitations if a party against whom an action was filed was either absent from Colorado or had concealed himself from the claiming party. As amended, the statute tolls a statute of limitations only if a party is absent from the United States or has concealed himself from a claiming party. Section 13–80–126, C.R.S.1973 (1982 Cum.Supp.). The amended statute contains no language indicating a legislative intent that this amendment receive retroactive application. Because no specific effective date was set forth in the amendment itself, it became effective on the date of its approval. Colo. Const. Art. V, Sec. 19.

The trial court ruled that § 13–80–126, C.R.S.1973, had been "repealed and reenacted." It then reasoned that a governing statute did not exist on the dates that each of the separate claims at issue accrued. Therefore, the trial court determined only retrospective application of the "reenacted" statute would provide an applicable tolling statute.

By retrospectively applying the amended tolling statute, in conjunction with the governing six-year statute of limitations, § 13–80–110(1)(a), C.R.S.1973, the trial court concluded the statute of limitations had not been tolled because the Wrights were neither absent from the United States nor had they concealed themselves from the Bank. Thus, the statute of limitations had run, and the Bank's action was barred.

The sole issue presented for review is whether the trial court erred when it retrospectively applied the new tolling statute in conjunction with § 13–80–110, C.R.S.1973, to result in a complete running of the statute of limitations and, therefore, a bar to the action. Cf. *Blackmon v. Kline*, 144 Colo. 461, 357 P.2d 91 (1960).

Because § 13–80–126, C.R.S.1973, specifically fixes the time when a period of limitation begins to run, it is a tolling statute. *Jones v. O'Connell*, 87 Colo. 103, 285 P. 762 (1930). Tolling statutes, like statutes of limitation, are remedial and will not be given retroactive application in the absence of an express direction from the General Assembly to do so. Section 2–4–202, C.R.S. 1973; *People v. Hale*, 654 P.2d 849 (Colo. 1982); *Valenzuela v. Mercy Hospital*, 34 Colo.App. 5, 521 P.2d 1287 (1974). Therefore, the trial court erred when it retrospectively applied the amended statute here.

Where the cause of action accrues prior to the effective date of an amending statute of limitations, the prior statute controls. *Valenzuela v. Mercy Hospital, supra.* It is undisputed that each claim here accrued prior to the effective date of the amendment. Therefore, the prior version of § 13–80–126, C.R.S.1973, controls. Under this application of § 13–80–126, C.R.S. 1973, in conjunction with § 13–80–110(1)(a), the statute of limitations defense, asserted by Wrights, fails.

The trial court's judgment dismissing the claim for relief against the Wrights is reversed and the cause is remanded for a trial on the merits.

KELLY and KIRSHBAUM, JJ., concur.