**WOODMOOR IMPROVEMENT ASSOCIATION, and Board of Assessment Appeals, Petitioners–Appellees,**

v.

**PROPERTY TAX ADMINISTRATOR, Respondent–Appellant.**

**No. 93CA1949.**

Colorado Court of Appeals, Div. V.

Sept. 8, 1994.

Rehearing Denied Nov. 10, 1994.

Certiorari Denied May 22, 1995.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

Berniger, Berg, Rioth & Diver, P.C., Lenard D. Rioth, Colorado Springs, for petitioner-appellee Woodmoor Imp. Ass'n.

No appearance for petitioner-appellee Bd. of Assessment Appeals.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert C. Ripple, Asst. Atty. Gen., Denver, for respondent-appellant.

Opinion by Judge CASEBOLT.

In this property tax case, the Property Tax Administrator (Administrator) appeals an order of the Board of Assessment Appeals (BAA) granting Woodmoor Improvement Association (Woodmoor), a homeowners' association, an abatement and refund of taxes erroneously paid for the 1986, 1987, 1988, and 1989 tax years. We reverse.

In September 1992, Woodmoor filed a petition for abatement and refund of property taxes with the El Paso County Board of Commissioners. In its petition, Woodmoor asserted that it had paid taxes wrongfully assessed under § 38–33.3–105(2), C.R.S. (1993 Cum.Supp.) against its common elements since 1984. The Administrator agreed and granted abatement and refunds for the tax years 1990 and 1991, but denied as time barred the request for abatement of previous years.

On appeal, the BAA concluded that the petition as to tax years 1986 through 1989 was timely and issued an order directing an abatement and refund for those years.

The Administrator argues on appeal to this court that Woodmoor is barred from asserting its claims as to tax years 1986 through 1989 by the statute of repose found in § 39–10–114(1)(a)(I)(A), C.R.S. (1993 Cum.Supp.). We agree that Woodmoor's petition for abatement is barred by that statute and therefore reverse the determination of the BAA.

### I.

We initially reject Woodmoor's contention that a six-year time period governs the filing of its petition for abatement and refund for the property tax years in question.

In 1981, the General Assembly adopted a six-year statute of repose for abatement and refund of property taxes. Colo.Sess.Laws. 1981, ch. 446, § 39–10–114(1)(a) at 1837–38 provides in pertinent part:

However, in no case shall an abatement or refund of taxes be made more than six years after the taxes were due. . . .

In 1988, the General Assembly modified the statute of repose, stating in pertinent part:

However, except as otherwise provided in this sub-subparagraph (A), in no case shall an abatement or refund of taxes be made more than six years after the taxes were due.... On or after January 1, 1990, in no case shall an abatement or refund of taxes be made unless a petition for abatement or refund is filed within one year of the date upon which the taxes were due . . .

Colo.Sess.Laws 1988, ch. 268, § 39–10–114(1)(a)(I)(A) at 1290–91.

Under the 1988 amendment, a six-year statute of repose continued to apply for petitions filed between May 23, 1988, and January 2, 1990. After that date, the time limitation was shortened to one year for all abatable claims. *See* Hearings on S.B. 184 before the House Finance Committee, 56th General Assembly, First Session (May 11, 1989) (indicating that the one-year period was intended to apply to all abatable claims filed after Jan. 1, 1990).

In 1991, the General Assembly again modified the time limitation. Colo.Sess.Laws 1991, ch. 309, § 39–10–114(1)(a)(I)(A) at 1963 provides in pertinent part:

In no case shall an abatement or refund of taxes be made unless a petition for abatement or refund is filed within two years after January 1 of the year following the year in which taxes were levied....

Another division of this court has concluded that unless a petition is filed prior to January 2, 1992, refunds and abatements for tax years before 1990 are time barred, *see Golden Aluminum v. Weld County Board of County Commissioners,* 867 P.2d 190 (Colo. App.1993), thus indicating that a six-year period is not applicable for filings after January 1, 1990.

In view of the plain language of the applicable statutes and *Golden Aluminum, supra,* we conclude that a six-year time period was not available to Woodmoor.

## II.

■ Woodmoor argues that, if the two-year statute of repose applies, this application violates the prohibition against retrospective laws found in Colo. Const. art. II, § 11, by removing its vested right in a six-year repose period. We disagree.

■ There is no vested right in remedies. *Moore v. Chalmers–Galloway Live Stock Co.,* 90 Colo. 548, 10 P.2d 950 (1932). The abolition of an old remedy, or the substitution of a new one, does not constitute the impairment of a vested right. *See Jefferson County Department of Social Services v. D.A.G.,* 199 Colo. 315, 607 P.2d 1004 (1980).

■ Sections 39–10–113, C.R.S. (1993 Cum.Supp.) and 39–10–114(1), C.R.S. (1993 Cum.Supp.) are remedial. They provide a specific remedy—abatement and refund. This remedy does not exist independent of the statute because once taxes are paid, even when assessed erroneously or illegally, they cannot be refunded absent express statutory authorization. *Board of Commissioners v. Doherty,* 114 Colo. 594, 168 P.2d 556 (1946). Hence, these remedies can be abolished or changed because there is no vested right in their operation.

■ Section 39–10–114(1), C.R.S. (1993 Cum.Supp.) also contains the statute of repose at issue here. Statutes of limitation and repose are also remedial in nature. *Jones v. O'Connell,* 87 Colo. 103, 285 P. 762 (1930). The application of a remedial statute of limitation or repose to an existing claim for relief does not violate the prohibition against retroactive legislation. *See Continental Title Co. v. District Court,* 645 P.2d 1310 (Colo.1982). Indeed, a statute of repose can appropriately bar a claim which arises from events that occurred prior to its adoption. *See Bush v. Roche Constructors, Inc.,* 817 P.2d 608 (Colo. App.1991).

Thus, neither the one-year statute of repose contained in the 1988 legislation nor the two-year repose limit contained in the 1991 legislation applies here in a prohibited retrospective manner.

## III.

Finally, we reject Woodmoor's contention that principles of equity prohibit application of the two-year period of repose.

Woodmoor has not alleged that the tax assessor concealed facts or otherwise prevented Woodmoor from filing a timely petition. *See Rosane v. Senger*, 112 Colo. 363, 149 P.2d 372 (1944). Moreover, presumably Woodmoor knew its own status as a non-profit homeowner's association in the years at issue and received yearly tax assessments from the El Paso County assessor. Yet, it took no action to correct the improper assessments.

In addition, *Board of Commissioners v. Doherty, supra*, relied upon by Woodmoor, does not support the BAA's order granting an abatement or refund for the tax years in question.

In *Doherty*, the taxpayer was wrongfully assessed taxes for 13 years on property that belonged to the state. Our supreme court concluded that an abatement or refund was not barred by a then applicable six-year statute of limitations. The court apparently applied a "discovery rule" in determining that the taxpayer timely filed his action under the six-year statute of limitations by commencing his suit shortly after he learned of the improper taxation.

However, we deal here with a statute of *repose* (not in existence in *Doherty*), rather than a statute of limitations. Analysis of a statute of repose does not reach the issue of accrual of any cause of action. Unlike a statute of limitations that begins running upon accrual of the claim, a period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted. *See Klein v. Catalano*, 386 Mass. 701, 437 N.E.2d 514 (1982). *See also Austin v. Litvak*, 682 P.2d 41 (Colo.1984) (statute of repose can bar claim even when the cause of action is permitted by the statute of limitations).

Woodmoor's petition was not filed until September 2, 1992, eight months after the due date for a petition for abatement of 1989 taxes. Hence, Woodmoor's petition as to tax year 1989 was time barred. It follows, therefore, that its petition as to tax years prior to 1989 would be similarly barred.

Accordingly, we conclude Woodmoor's petition for abatement and refund for tax years 1986 through 1989 is time barred.

The order is reversed.

NEY and ROTHENBERG, JJ., concur.