Walter W. VETTEN, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE of the STATE of Colorado, Prestressed Concrete, and Colorado Compensation Insurance Authority, Respondents.

No. 98CA1751.

Colorado Court of Appeals, Div. III.

Aug. 5, 1999.

Walter W. Vetten, Pro Se.

No Appearance for Respondent Industrial Claim Appeals Office.

Brandee L. Defalco, Denver, Colorado, for Respondents Prestressed Concrete and Colorado Compensation Insurance Authority.

Opinion by Judge CASEBOLT.

Walter W. Vetten (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) denying a petition to reopen his workers' compensation case against his employer, Prestressed Concrete, and its insurer, Colorado Compensation Insurance Authority (collectively CCIA). We affirm.

The pertinent facts are undisputed. Claimant sustained a compensable injury on November 3, 1975, and was admitted to the Colorado Major Medical Insurance Fund (Fund) on January 3, 1989. From 1989 to the present he has received medical treatment at the Fund's expense.

Claimant last received temporary total disability (TTD) benefits in March 1992. A final admission of liability was filed on September 29, 1992, to which claimant made no objection.

On March 10, 1997, claimant filed a petition to reopen, seeking TTD benefits for a

period in 1995 during which he was unable to work. During that time, claimant was receiving medical care for the industrial injury.

CCIA filed a motion for summary disposition alleging that the petition to reopen was barred by the two-year statute of limitations currently codified at § 8–43–303(2)(a), C.R.S. 1998. Under that statute, the date the last temporary or permanent disability benefits become due and payable is the date from which a two-year limitation period runs. As grounds, CCIA noted that the last temporary or permanent disability benefits were paid in 1992, which was more than two years before claimant filed the 1997 petition to reopen.

In contrast, claimant took the position that the controlling statute of limitations for reopening is the version in effect on the date of the injury, *i.e.*, Colo. Sess. Laws 1975, ch. 71, § 8–53–119 at 307. In cases in which compensation was paid, that statute provided for reopening "at any time within two years after the date the last payment becomes due and payable or within six years from the date of injury." Claimant argued that the Fund's provision of medical benefits constituted a "payment" for purposes of § 8–53–119 and that CCIA had paid medical benefits within two years of the date of the 1997 petition to reopen.

The Administrative Law Judge (ALJ) granted CCIA's motion and ruled that, regardless of which version of the statute applied, claimant's petition to reopen was barred by the statute of limitations. Concerning § 8–43–303(2)(a), the ALJ determined that the 1997 petition to reopen was filed more than two years after the claimant last received indemnity compensation. With respect to former § 8–53–119, the ALJ concluded that the statute "makes a distinction between compensation and medical benefits." Specifically, the ALJ held that the "statute uses the word compensation to start the time running, and then states that both compensation and medical benefits, thereby making a distinction, can be awarded upon reopening."

The Panel affirmed the ALJ's denial of the petition to reopen.

I.

■ Claimant contends the ALJ erred in determining that the 1997 petition to reopen is barred by the statute of limitations. Claimant again asserts that the petition to reopen is governed by former § 8–53–119, and that the Fund's payment of medical benefits constituted a "payment" for purposes of extending the statute of limitations. However, we agree with the Panel that the petition to reopen is governed by § 8–43–303, C.R.S. 1998, and is barred under that statute.

The reopening statute relied upon by claimant was repealed and reenacted in 1983. *See* Colo. Sess. Laws 1983, ch. 79, § 8–53–113 at 421. And, that statute was amended in 1988. *See* Colo. Sess. Laws 1988, ch. 50, § 8–53–113 at 388. The 1988 version of the statute was renumbered as § 8–43–303 in 1990. *See* Colo. Sess. Laws 1990, ch. 62, § 8–43–404 at 509.

The 1988 version of the statute expressly applies to petitions to reopen filed on or after July 1, 1988. Thus, when, as here, a petition to reopen is filed after that date, the applicable statute of limitations is contained in the statute currently codified at § 8–43–303. *See Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850 (Colo.1992); *Martinez v. Regional Transportation District*, 832 P.2d 1060 (Colo.App.1992) (court may not depart from specific statutory directive).

Claimant argues that the provision concerning the 1988 effective date of the amendments is not mentioned in the 1990 recodification of the Workers' Compensation Act (Act). Hence, he asserts, the General Assembly did not intend the 1988 amendments to apply to petitions to reopen filed after 1990. We are not persuaded.

The 1990 statute simply repealed and reenacted the prior version of the statute, and involved a "nonsubstantive revision of the law concerning the workers' compensation system." *See* Colo. Sess. Laws 1990, ch. 62 at 468. Therefore, we infer no legislative intent to alter the applicability of the 1988 amendments.

The adoption of the July 1990 effective date for the 1990 recodification does not change this result because the 1988 effective

date for the statute governing petitions to reopen is a very specific provision which controls over the more general one. *See Scott v. Matlack, Inc.,* — P.2d —— (Colo. App. No. 97CA1496, April 15, 1999)(1999 WL 216096)(noting that meaning could be given to all parts of the Act by recognizing that a general statute is effective except when a conflicting specific statute is applicable).

Nor are we persuaded by claimant's argument that CCIA set a precedent by previously reopening and paying claimant disability benefits after more than two years had passed. The two previous reopenings occurred before the 1988 effective date of § 8–53–113, and therefore were governed by the prior, and substantively different, statute.

Thus, the Panel correctly ruled that this case is governed by § 8–43–303(2)(a). At the time of the 1988 amendments, the General Assembly created different statutes of limitations for petitions to reopen seeking indemnity compensation and those seeking only medical benefits. Hence, because the claimant's 1997 petition to reopen sought TTD benefits, the Panel correctly ruled that it is barred by § 8–43–303(2)(a). *See Swerdfeger v. Swerdfeger,* 793 P.2d 618 (Colo.App.1990)(under 1988 amendments, provisions for reopening of medical benefits are now expressly and separately set forth).

## II.

Claimant also contends that application of the 1988 amendments to his 1975 injury constitutes unconstitutional retrospective legislation. Again, we disagree.

Colo. Const. Art. II, § 11, provides that the General Assembly shall pass no law retrospective in its operation.

An act violates this constitutional prohibition if it takes away or impairs vested rights acquired under existing laws, or if it creates a new obligation, imposes a new duty, or attaches a new disability, with respect to transactions or considerations already past. *Shell Western E & P, Inc. v. Dolores County Board of Commissioners,* 948 P.2d 1002 (Colo.1997). However, if intended by the General Assembly, legislation can be given retroactive effect without being unconstitu-

tional. *Cf.* § 2–4–202, C.R.S.1998 (statutes are presumed prospective); *see People v. Munoz,* 857 P.2d 546 (Colo.App.1993).

Application of a statute is not rendered unlawful merely because the facts upon which it operates occurred before its adoption. Further, application of a statute to a subsisting claim for relief does not violate the prohibition of retrospective legislation when the statute effects a change that is only procedural or remedial in nature. This is true because the abolition of an old remedy, or the substitution of a new one, does not impair a vested right or impose a new duty, for there is no such thing as a vested right in remedies. *Shell Western E & P, Inc. v. Dolores County Board of Commissioners, supra.*

The distinction between substantive and remedial statutes is that the former create, eliminate, or modify vested rights or liabilities, while the latter relate only to remedies or procedures to enforce such rights or liabilities. *Shell Western E & P, Inc. v. Dolores County Board of Commissioners, supra; see Colorado Department of Social Services v. Smith, Harst & Associates, Inc.,* 803 P.2d 964, 966 (Colo.1991) ("Statutes are classified as remedial if they do not create, eliminate, or modify vested rights or liabilities.").

Statutes of limitation are remedial in nature. Furthermore, the application of a remedial statute of limitation to an existing claim for relief does not violate the prohibition against retrospective legislation. *Woodmoor Improvement Ass'n v. Property Tax Administrator,* 895 P.2d 1087 (Colo.App. 1994).

Thus, the statute of limitation contained in the 1988 legislation does not apply here in a prohibited manner.

The order of the Panel is affirmed.

Judge NEY and Judge MARQUEZ concur.