The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
January 30, 2020

## 2020COA16

**No. 18CA1143, *Marriage of Weekes* — Family Law — Post-dissolution — Modification and Termination of Provisions for Maintenance, Support, and Property — Change of Physical Care**

Father moved under section 14-10-122(5), C.R.S. 2019, to retroactively modify child support based on a change in physical care of the child. The district court denied the motion as untimely, applying an amendment to the statute that became effective after the change in physical care but before father filed the motion.

As a matter of first impression, a division of the court of appeals concludes that the district court's retroactive application of the amended statute was not unconstitutionally retrospective. However, the division concludes that the district court erred in analyzing the applicability of the statutory exception. Accordingly, the division reverses the order and remands for further proceedings.

Court of Appeals No. 18CA1143
Jefferson County District Court No. 01DR1296
Honorable Christopher C. Zenisek, Judge

In re the Marriage of

Michele Dawn Weekes,

Appellee,

and

William Warren Weekes,

Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE HARRIS
Tow and Márquez*, JJ., concur

Announced January 30, 2020

James J. Keil, Jr., Denver, Colorado, for Appellee

Paige Mackey Murray, LLC, Paige Mackey Murray, Boulder, Colorado, for
Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1 William Warren Weekes (father) appeals the denial of his motion to retroactively modify child support.

¶ 2 Ordinarily, any modification of a child support order applies only prospectively. But if a change in physical care of the child occurs, section 14-10-122(5), C.R.S. 2019, allows the court to apply the modification retroactively, as of the date of the change in physical care.

¶ 3 In 2008, when father alleges that he took over physical care of his daughter from Michele Dawn Weekes (mother), section 14-10-122(5) did not include any time limitation or deadline. By the time he moved to modify his child support obligation in December 2017, however, the statute limited retroactive modification to the five years prior to the filing of the motion to modify support.

¶ 4 Applying the amended statute, the magistrate denied father's motion to retroactively modify child support as untimely. The statute contains an exception, applicable when enforcement of the five-year limitation period would be "substantially inequitable, unjust, or inappropriate," but the magistrate declined to apply it, finding that father's delay in seeking modification was unjustified.

The district court affirmed the magistrate's order, and father appeals.

¶ 5     We reject father's argument that application of the amended statute to bar his motion violates the constitutional prohibition on retrospective legislation.  But we agree that the magistrate and district court erred in analyzing the applicability of the statutory exception.  We therefore reverse the order denying father's motion and remand the case for further proceedings.

## I.     Background

¶ 6     The parties' marriage ended in 2001.  Father was then living in Arizona, and mother resided with their child in Colorado.  Consistent with the parties' parenting plan, father was ordered to pay mother monthly child support.

¶ 7     After the child became emancipated in 2011, mother sought approximately $85,000 in unpaid child support, over half of which represented interest.  She mailed her motion for entry of judgment to two of father's former addresses in Arizona.  When father failed to respond, the district court entered judgment for mother in the amount requested.

¶ 8     In 2016, father moved pro se to set aside the judgment. He asserted that the judgment was procured by fraud, that the child had lived with him for the majority of the time for which mother sought child support, that the parties had agreed that no child support would be owed while father had custody, and that mother knew where father lived yet did not serve him with her motion for entry of judgment. He also submitted records of the child's high school attendance in Arizona and a notarized letter from the then-twenty-five-year-old child confirming her living arrangements.

¶ 9     The district court construed father's motion as a C.R.C.P. 60(b)(2) motion to set aside the judgment based on fraud and denied it as untimely. Additionally, the court noted that "[e]ven if the child resided with [f]ather as indicated, there is no indication of his child support obligation being altered or vacated for that reason."

¶ 10    Thereafter, father filed additional pro se motions to vacate the judgment, asserting the same grounds. The child also contacted the court, reiterating that she had lived with father and attended school in Arizona. She alleged that mother had lied to the court when mother suggested she did not know father's current address

3

for purposes of serving the motion; according to the child, mother had sent her mail and visited her at father's address around the time mother obtained the judgment. The district court denied father's additional requests to set aside the judgment.

¶ 11    In December 2017, father retained counsel who moved, under section 14-10-122(5), to modify the support order retroactive to the child's 2008 change in residence. Counsel acknowledged that an amendment effective January 1, 2017, limited retroactive modification to the five-year period preceding a motion to modify. He argued, however, that the situation was grossly inequitable, unfair, and unjust — insisting that mother had obtained judgment against father for years she knew the child had lived with him and had thereby obtained a windfall.

¶ 12    Mother denied father's factual allegations, but argued that, in any event, the statute's five-year limitation provision barred father from obtaining relief.

¶ 13    Before the time for filing a reply had expired, *see* C.R.C.P. 121, § 1-15(1)(c), the magistrate denied father's motion, finding that his "gross delay and failure to act simply does not support a finding

that application of the statute would be substantially inequitable, unjust or inappropriate."

¶ 14     Father nonetheless filed a reply, asserting that mother had knowingly failed to serve him at his current address, he had therefore learned of the judgment only after mother began collection efforts in 2015, the court misconstrued his pro se motions as Rule 60(b) motions rather than timely motions to modify his support obligation, and retroactive application of the 2017 amendment was both legally impermissible and unjust.  And, noting that the parties' allegations created a factual dispute concerning the applicability of the statutory exception, father requested a hearing.

¶ 15     Father then petitioned for district court review of the magistrate's ruling, reasserting his prior arguments and his request for a hearing.

¶ 16     The district court denied the petition.  After considering father's arguments, including those raised in the reply, the court affirmed the magistrate's findings.  It concluded that father's delay in seeking modification was unjustified: although the alleged change in the child's primary residence had occurred in 2008 and the child emancipated in 2011, father "failed to take any action in

5

the matter until he filed his first Motion to Set Aside the Judgment on October 17, 2016." The court further concluded that the magistrate did not abuse her discretion in denying father's motion without a hearing.

## II. Retroactive Application of Section 14-10-122(5)'s Amendment

¶ 17 Father contends that the district court's retroactive application of section 14-10-122(5)'s five-year limitation period was unconstitutionally retrospective. We disagree.

### A. Legal Standards

¶ 18 Statutes can be applied prospectively or retroactively. *Ficarra v. Dep't of Regulatory Agencies*, 849 P.2d 6, 11 (Colo. 1993). A statute is applied prospectively when it operates on transactions that occur after its effective date, and retroactively when it operates on transactions that have already occurred or rights and obligations that existed before its effective date. *Id.*

¶ 19 Although statutes are presumed to operate prospectively, *see* § 2-4-202, C.R.S. 2019, the legislature may override this presumption by indicating an intent that the statute operate retroactively. *City of Golden v. Parker*, 138 P.3d 285, 289 (Colo. 2006). The retroactive application of a civil statute is not

necessarily unconstitutional: "[U]nder our state constitution, some retroactively applied civil legislation is constitutional, and some is not." *Ficarra*, 849 P.2d at 12. Only legislation that is also "retrospective" in its application is unconstitutional. *Id.*

¶ 20　　A law is unconstitutionally retrospective if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Abromeit v. Denver Career Serv. Bd.*, 140 P.3d 44, 51 (Colo. App. 2005). Subject to some limited exceptions, retroactive application of a substantive law — one that "create[s], eliminate[s,] or modif[ies] vested rights or liabilities," *People v. D.K.B.*, 843 P.2d 1326, 1331 (Colo. 1993) — is ordinarily unconstitutional, *Taylor Morrison of Colo., Inc. v. Bemas Constr., Inc.*, 2014 COA 10, ¶ 19. But as a general matter, statutes that are procedural or remedial in nature may be applied retroactively without violating the constitutional prohibition against retrospective legislation. *Id.*

¶ 21　　We review de novo whether a statute has been applied in violation of retroactivity principles. *Id.* at ¶ 16.

¶ 22    Prior to January 2017, section 14-10-122(5) "place[d] no time limit on the obligor's ability to seek, or the court's authority to grant, retroactive modification of child support" based on a change in care. *In re Marriage of Green*, 93 P.3d 614, 616 (Colo. App. 2004). As of January 1, 2017, however, the statute now provides that "[t]he court shall not modify child support [retroactively] for any time more than five years prior to the filing of the motion to modify child support, unless the court finds that its application would be substantially inequitable, unjust, or inappropriate." § 14-10-112(5); *see* Ch. 157, secs. 8, 11, § 14-10-122(5), 2016 Colo. Sess. Laws 496-97.

¶ 23    Father contends that the five-year limitation provision is not intended to apply where the change in care occurred prior to the amendment's effective date. And, he argues, if the legislature did intend that the amendment apply retroactively, the statute is unconstitutionally retrospective.

¶ 24    We first address whether the statute is intended to apply retroactively.

¶ 25    Father says that because the statute does not include express retroactivity language, we must presume the legislature intended it to operate prospectively only — meaning that the limitation on retroactive modification of child support would not apply unless the change of care occurred after January 2017.

¶ 26    But express retroactivity language is unnecessary. *City of Golden*, 138 P.3d at 290; *see Ficarra*, 849 P.2d at 13-14. Rather, an intent that a statute operate retroactively may be implied. *See Ficarra*, 849 P.2d at 13-14.

¶ 27    The amendment to section 14-10-122(5) ties the limitation on child support modifications to the filing of the motion to modify, not the underlying change in physical care. In this way, the amendment is similar to the statutory provision at issue in *Ficarra.* There, the amended statute automatically disqualified persons convicted of a felony within the last ten years from receiving a bail bondsman license. 849 P.2d at 9. The supreme court concluded that the legislature intended the amendment to apply to the plaintiffs, who had applied for licenses after the amendment's effective date, but whose felony convictions predated the amendment. According to the court, "[t]he intent . . . of the General

Assembly to exclude from the ranks of professional bail bondsmen anyone who has been convicted of a felony . . . within ten years *from the date of his application* for renewal is plain." *Id.* at 13 (emphasis added).

¶ 28 Similarly, the 2017 amendment to section 14-10-122(5) prohibits the district court, as of the amendment's January 1, 2017, effective date, from modifying child support for any time before the five years preceding the filing of a motion to modify, regardless of when the change of care occurred.

¶ 29 Accordingly, we conclude that the amendment was intended by its plain language to operate on motions filed after its effective date, even if the change in physical care predated the amendment. *See Ficarra*, 849 P.2d at 13-14; *see also Shell W. E&P, Inc. v. Dolores Cty. Bd. of Comm'rs*, 948 P.2d 1002, 1011-12 (Colo. 1997) (A statute providing that interest on taxes levied on lands previously omitted from a tax list because of the taxpayer's failure to disclose shall be calculated from the date the taxes were due "plainly evinces an intention to change the calculation of interest on tax obligations that arose in the past."); *Abromeit,* 140 P.3d at 47-50 (concluding that personnel rule amendment eliminating appeal right for

10

classification decisions was intended to apply retroactively to claims that were pending on its effective date).

¶ 30    Next, we must determine whether retroactive application of the amendment's limitation period constitutes unconstitutional retrospective legislation.

¶ 31    As we have noted, retroactive application of a statute is unconstitutionally retrospective if it affects vested rights. *Taylor Morrison of Colo.*, ¶ 19.  A right is vested only "when the right to assert it does not depend on the common law or the statute under which it was acquired, but rather has an independent existence." *Id.* at ¶ 20.

¶ 32    There is no vested right in remedies.  *Shell W. E&P*, 948 P.2d at 1012.  "The abolition of an old remedy, or the substitution of a new one, does not constitute the impairment of a vested right." *Woodmoor Improvement Ass'n v. Prop. Tax Adm'r*, 895 P.2d 1087, 1089 (Colo. App. 1994).

¶ 33    Section 14-10-122(5) provides a remedy for a parent who has effectively overpaid child support due to a change in care of the child.  Father says this right to reimbursement is a vested right because each accrued child support payment became a judgment

that could have been modified retroactively under the prior version of the statute.  We disagree.

¶ 34    A judgment arises under section 14-10-122(1)(c) for each child support payment ordered as soon as the payment becomes due and is unpaid.  *See In re Marriage of Schutte*, 721 P.2d 160, 162 (Colo. App. 1986).  Father's right to retroactively modify his previously ordered child support payments to the date of the change in the child's physical care, however, exists only by operation of section 14-10-122(5).  *See Green*, 93 P.3d at 616-17.  Because the remedy does not exist independent of the statute, there is no vested right in its operation, and therefore it can be abolished or changed.  *Woodmoor Improvement Ass'n*, 895 P.2d at 1089.

¶ 35    Section 14-10-122(5) is remedial in nature and its limitation provision is simply a limitation on the remedy — regardless of when the change in custody occurred, relief is limited to the five years preceding the filing of the motion.  The application of a limitation on a remedy to an existing claim for relief does not violate the prohibition against retroactive legislation.  *Id.*; *see also Shell W. E&P*, 948 P.2d at 1012; *Vetten v. Indus. Claim Appeals Office*, 986 P.2d 983, 986 (Colo. App. 1999).

¶ 36    *Woodmoor Improvement Ass'n*, which presents a similar scenario, is instructive. In 1992, the plaintiff homeowners' association filed a petition for abatement and refund of property taxes for tax years 1986-1991. At the time the association paid most of the taxes, the refund statute contained a six-year statute of repose. But in 1991, the statute was amended and precluded refunds "unless a petition for abatement or refund is filed within two years" of the year taxes were levied. *Id.* The association argued that the application of the two-year limitation provision was unconstitutionally retrospective because it "remov[ed] its vested right in a six-year repose period." *Id.* The division disagreed, concluding that the limitation provision "can appropriately bar a claim which arises from events that occurred prior to its adoption." *Id.*

¶ 37    Father had no vested right in the child support modification remedy as it was defined under section 14-10-122(5). Thus, the district court did not err in applying the January 1, 2017, amendment to father's motion filed after that date. *See Shell W. E&P*, 948 P.2d at 1012; *Vetten*, 986 P.2d at 986; *Woodmoor Improvement Ass'n*, 895 P.2d at 1089.

¶ 38    We are not persuaded otherwise by the authorities on which father relies. True, in *United Bank of Denver National Ass'n v. Wright*, 660 P.2d 510 (Colo. App. 1983), the division determined that an amended statute of limitations should not apply retroactively to a claim that had accrued prior to the date of the amendment. *Id.* at 511. But it also determined that the legislature had not intended the tolling provision at issue to apply retroactively in the first place. *Id.* ("The amended statute contains no language indicating a legislative intent that this amendment receive retroactive application"; accordingly, "it became effective on the date of its approval."). Thus, the analysis regarding the effect of applying the statute retroactively appears to be dicta.

¶ 39    In any event, since *Wright*, the supreme court has unequivocally instructed that "application of a statute to a subsisting claim for relief does not violate the prohibition of retrospective legislation where the statute effects a change that is only procedural or remedial in nature." *Shell W. E&P*, 948 P.2d at 1012. We are bound by decisions of our supreme court. *See People v. Allen*, 111 P.3d 518, 520 (Colo. App. 2004).

14

¶ 40     As for *Wood Bros. Homes, Inc. v. Howard*, 862 P.2d 925 (Colo. 1993), the plaintiffs in that case brought their action while the original statute of limitations was in effect and the successor statute expressly provided that it "shall apply to claims for relief arising on or after" its effective date. *Id.* at 931. Thus, like the division in *Wright*, the *Howard* court concluded that the successor statute was not intended to apply retroactively. *Id.* at 930-31.

¶ 41     In sum, we conclude that the district court's application of the January 2017 amended statute did not violate the constitutional prohibition on retrospective laws.

### III.     Application of the Statutory Exception

¶ 42     Alternatively, father contends that even if the five-year limitation provision applies to his motion, the district court erred in analyzing the applicability of the statutory exception. The exception applies where imposing the limitation provision would be "substantially inequitable, unjust, or inappropriate." § 14-10-122(5). At a minimum, father says, the court should have held a hearing before determining that the exception did not apply. We agree that the court erred.

¶ 43    In determining that the exception did not apply, the magistrate found that father's motion was filed "well outside the 5-year mark" and that his "gross delay and failure to act" did not support a finding that application of the statute would be substantially inequitable, unjust, or inappropriate.  On review, the district court concluded that the magistrate's findings were supported by the record, as father had failed to take any action until 2016, five years after the child became emancipated.  However, neither the magistrate nor the district court appeared to consider father's various arguments that might have supported application of the statutory exception.

- Father asserted that he did not learn of the judgment until 2015 because mother had mailed her motion to what she knew was his former, not then current, address.  The child's letters and affidavit, if credited by the court, corroborate father's allegations.
- Father argued that the court should have construed his pro se motion to set aside the judgment as a timely motion to retroactively modify child support based on a change in care.  Though the motion was not designated as such, the

16

basis of his request to set aside the judgment was that a change in care had occurred. *See Estates in Eagle Ridge, LLLP v. Valley Bank & Tr.*, 141 P.3d 838, 843 (Colo. App. 2005) (the substance of a pleading controls over its form or caption); *see also Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 572 (Colo. 2009) (court may take into account the fact that a party is appearing pro se, notwithstanding that pro se parties are bound by rules of civil procedure).

- Father asserted that the parties had agreed that he would not pay child support after physical care of the child was transferred to him.

¶ 44 Contrary to the district court's implicit determination, we conclude that whether to apply the statutory exception involves a fact-intensive inquiry. And, as mother conceded at oral argument, the material facts here are hotly contested. (For example, did mother purposefully serve the motion at the wrong address? Did mother's conduct justify father's delay in filing his motion to set aside the judgment? Did father stop paying child support in reliance on an agreement concerning change in care and, if so, was

that reliance reasonable?)  Thus, the district court could not make the necessary findings without an evidentiary hearing.  *See Green*, 93 P.3d at 617 (remanding case for a hearing on child support when "numerous issues of fact were disputed").

¶ 45    We reject mother's argument that father was not entitled to a hearing because he did not request one until his reply brief.  Mother cites no authority prohibiting a hearing when one is requested for the first time in a reply brief.  *See, e.g.*, C.R.C.P. 121, § 1-22(2)(c) (party affected by a motion for attorney fees may request a hearing "within the time permitted to file a reply").  In any case, the district court may, in its discretion, set a hearing on any motion.  C.R.C.P. 121, § 1-15(4).

## IV.   Conclusion

¶ 46    The order is reversed, and the case is remanded for the district court to conduct an evidentiary hearing to determine whether it would be substantially inequitable, unjust, or inappropriate to apply section 14-10-122(5)'s five-year limit to bar father's motion to retroactively modify child support.

JUDGE TOW and JUDGE MÁRQUEZ concur.