23CA1488 Marriage of Resnik 10-10-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1488
Routt County District Court No. 22DR30012
Honorable Mary C. Hoak, Judge

---

In re the Marriage of

Julie Elizabeth Resnik,

Appellee,

and

Michael Lee Resnik,

Appellant.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE SULLIVAN
J. Jones and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 10, 2024

---

J. Ryan Law, P.C., Jessica A. Ryan, Steamboat Springs, Colorado, for Appellee

The Harris Law Firm PLLP, Katherine O. Ellis, Denver, Colorado, for Appellant

¶ 1    In this dissolution of marriage proceeding, Michael Lee Resnik (husband) appeals the district court's order dividing marital property between him and Julie Elizabeth Resnik (wife).  We affirm.

## I.    Background

¶ 2    Wife initiated dissolution proceedings in June 2022.  On the morning of the final orders hearing, the parties filed a joint trial management certificate that included stipulations identifying various assets as marital property.  As relevant to this appeal, the stipulations provided that the parties' mountain condo, New Mexico land, and recreational vehicle (RV) were marital property and that the parties would sell those assets and split the proceeds equally.

¶ 3    Husband, appearing pro se, confirmed the terms of the stipulations during the final orders hearing, saying "[t]hat is fine" after wife described the stipulations' terms.  When the court asked whether husband had any objections to wife's description of the stipulations, husband responded, "I have no objections."  Hearing this, the district court accepted the stipulations, made them an order of the court, and provided additional clarifying terms.  Prior to this appeal, husband never attempted to withdraw his consent to the stipulations.

## II.   Waiver

¶ 4    On appeal, husband argues that the district court erred by ruling that the mountain condo, New Mexico land, and RV were marital property.  He also argues that, even if such assets are marital property, the district court erred by ordering that the proceeds from the sales of these assets be divided equally.  We decline to address these arguments.

¶ 5    By stipulating that these three assets were marital property and that their proceeds should be divided equally, and by failing thereafter to request that the district court relieve him from the stipulations, husband waived any challenge to the court's ruling. *See In re Marriage of Evans*, 2021 COA 141, ¶ 24 ("Waiver is the intentional relinquishment of a known right; it may be express, as when a party states its intent to abandon an existing right, or implied, as when a party engages in conduct which manifests an intent to relinquish the right or acts inconsistently with its assertion."); *see also In re Marriage of Blaine*, 2019 COA 164, ¶ 25 (declining to address husband's argument because he didn't request relief from the stipulation at the district court level), *rev'd on other grounds*, 2021 CO 13.

¶ 6      Husband argues that he didn't waive this issue because he was pro se and therefore didn't understand the consequences of his acquiescence to the stipulations. While we recognize that pro se parties may be less familiar than parties represented by counsel with the consequences of waiving arguments at the district court level, any lack of understanding on husband's part doesn't relieve him of his obligations under the stipulations. *See In re Marriage of Blaine*, ¶ 24 ("'Stipulations are a form of judicial admission,' and 'are binding on the party who makes them.'") (citations omitted); *see also In re Marriage of Weekes*, 2020 COA 16, ¶ 43 (while a court may consider the fact that a party is appearing pro se, pro se parties are nonetheless bound by the rules of civil procedure (citing *Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 572 (Colo. 2009))).

## III.    Attorney Fees and Costs

¶ 7      Wife requests an award of her attorney fees and costs incurred on appeal. Because we affirm the judgment, we grant wife's request for appellate costs. *See* C.A.R. 39(a)(2) ("[I]f a judgment is affirmed, costs are taxed against the appellant."); C.A.R. 39(c)(2) (party

seeking costs must file an itemized and verified bill of costs in the trial court within fourteen days of entry of the appellate mandate).

¶ 8    Wife's attorney fees are another matter.  Other than citing C.A.R. 39.1, wife doesn't identify any statutory or legal authority to support her request for attorney fees.  Accordingly, we deny wife's attorney fees request.  *See* C.A.R. 39.1 ("If attorney fees are recoverable for the appeal, the principal brief of the party claiming attorney fees must include a specific request, and explain the legal and factual basis, for an award of attorney fees."); *see also In re Marriage of Wright*, 2020 COA 11, ¶ 39 ("Citing the appellate fee rule as the sole legal basis for an attorney fees request is not sufficient.").

## IV.    Disposition

¶ 9    We affirm the judgment.

JUDGE J. JONES and JUDGE LIPINSKY concur.