24CA1258 Dayton Green v Fymbo 05-15-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1258
City and County of Denver District Court No. 20CV33708
Honorable Jon J. Olafson, Judge

---

Dayton Green, Ltd. Condominium Owners Association,

Plaintiff-Appellee,

v.

Donald E. Fymbo,

Defendant-Appellant.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE GOMEZ
Freyre and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 15, 2025

---

Winzenburg, Leff, Purvis & Payne, LLP, Wendy E. Weigler, Golden, Colorado, for Plaintiff-Appellee

Donald E. Fymbo, Pro Se

¶ 1     Defendant, Donald E. Fymbo, appeals the trial court's entry of judgment in favor of plaintiff, Dayton Green, Ltd. Condominium Owners Association (the HOA).  We affirm.

## I.     Background

¶ 2     In 2008, Fymbo acquired a condominium unit in Dayton Green, for which the HOA serves as the unit owners' association. Over the years, the HOA has filed numerous actions attempting to collect unpaid assessments owed by Fymbo.  One of those actions resulted in a receiver being appointed for the unit.

¶ 3     The action giving rise to this appeal is the HOA's 2020 action seeking a judgment against Fymbo for unpaid assessments, late charges, fines, interest, and attorney fees and costs and seeking to foreclose on Fymbo's unit.  The complaint alleged that the HOA had obtained a statutory lien pursuant to the Colorado Common Interest Ownership Act (CCIOA), § 38-33.3-316, C.R.S. 2020, against Fymbo's unit in the amount of $202,471.40.  Fymbo generally denied the allegations in the complaint and didn't raise any specific additional defenses.

¶ 4     The case proceeded to a bench trial on May 16, 2022.  In a written order issued after the trial, the trial court concluded that

the HOA wasn't entitled to foreclose because there was no evidence that it had complied with section 38-33.3-209.5(5)(a)(V), C.R.S. 2020, which precludes an HOA from taking legal action to collect unpaid assessments unless it first sends the unit owner a notice of delinquency specifying the total amount due and how that amount was calculated.

¶ 5    The HOA appealed, and a division of this court reversed, concluding that the trial court erred in applying subsection 209.5(5)(a)(V) because Fymbo hadn't raised it as an affirmative defense or mentioned it in any other way before the trial. *See Dayton Green Ltd. Condo. Owners Ass'n v. Fymbo*, slip op. at ¶¶ 7-9, 15 (Colo. App. No. 22CA1478, Aug. 17, 2023) (not published pursuant to C.A.R. 35(e)).  The division remanded the case to the trial court with instructions to render judgment on a basis that did not include subsection 209.5(5)(a).  *Id.* at ¶ 15.

¶ 6    On remand, the trial court entered judgment in favor of the HOA.  The court first entered a monetary judgment rendering Fymbo personally liable for $58,362.11 in unpaid assessments, late charges, fines, and interest that hadn't yet been reduced to judgment.  The court also found that the HOA was entitled to an

order and decree for judicial foreclosure to collect amounts due from Fymbo. The court accordingly entered an in rem judgment pursuant to section 38-33.3-316, C.R.S. 2022, in the total amount of $252,808.25. The in rem judgment was comprised of the $58,362.11 monetary judgment, as well as prior judgments of $22,083.15, $164,695.49, and $7,667.50, entered in Denver District Court Case Nos. 04CV5133 and 17CV31812.

¶ 7    Fymbo now appeals.

## II.    Standard of Review

¶ 8    We review a judgment following a bench trial as a mixed question of law and fact. *Premier Members Fed. Credit Union v. Block*, 2013 COA 128, ¶ 27. We review the trial court's legal conclusions de novo. *Id.* But we defer to the trial court's factual findings unless they are clearly erroneous, meaning they have no support in the record. *Id.*; *see also Gravina Siding & Windows Co. v. Gravina*, 2022 COA 50, ¶ 14. When the evidence on a factual question is conflicting, we "may not substitute [our] conclusions for those of the trial court merely because there may be credible evidence supporting a different result." *Lawry v. Palm*, 192 P.3d 550, 558 (Colo. App. 2008).

## III. Discussion

### A. Compliance with the Appellate Rules

¶ 9 As an initial matter, we reject the HOA's assertion that, because Fymbo's amended opening brief fails to comply with the Colorado Appellate Rules, we should decline to review his appeal.

¶ 10 Self-represented litigants must comply with procedural rules to the same extent as parties represented by attorneys. *Adams v. Sagee*, 2017 COA 133, ¶ 10. Self-represented litigants who rely on their own understanding of legal principles and court procedures must accept the consequences of their errors. *Rosenberg v. Grady*, 843 P.2d 25, 26 (Colo. App. 1992). Further, it is not our role to "rewrite" self-represented litigants' pleadings or to "act as an advocate" for them. *Johnson v. McGrath*, 2024 COA 5, ¶ 10. Nevertheless, "[p]leadings by [self-represented] litigants must be broadly construed to ensure that [such parties] are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5; *see also People v. Cali*, 2020 CO 20, ¶ 34 ("[W]e will broadly construe a [self-represented] litigant's pleadings to effectuate the substance, rather than the form, of those pleadings . . . .").

¶ 11     The HOA asserts that Fymbo's amended opening brief is not in compliance with the appellate rules because it doesn't identify issues presented for review, clearly set forth distinct arguments, or include citations to the record.  The HOA also asserts that Fymbo's discussion in the brief is "vague and conclusory," leaving this court to "hav[e] to decipher and identify the issues on appeal" and "essentially mak[e] the arguments" on Fymbo's behalf.

¶ 12     We acknowledge that there are some deficiencies in Fymbo's amended opening brief.  The brief doesn't contain citations to the record and doesn't lay out the preservation of issues and the standard of review, as directed by C.A.R. 28(a)(7).  However, it complies with several other rules, including those requiring a certificate of compliance, tables of contents and authorities, a statement of the issues presented for review, and an identification of the judgment on review.  *See* C.A.R. 28(a)(1)-(5); C.A.R. 32(h).  It also cites legal authority.  *See* C.A.R. 28(a)(7)(B).

¶ 13     Further, while they are not articulated in great detail, we discern two arguments raised in the amended opening brief.  First, Fymbo contends that the trial court should have applied certain amended provisions of CCIOA as they exist now, rather than as

they existed at the time of trial. And second, Fymbo raises a challenge to the judgment entered in an earlier related case.[1] Construing Fymbo's pleadings broadly, *see Jones*, ¶ 5, while not developing arguments on his behalf, *see Johnson*, ¶ 10, we conclude that the deficiencies in his amended opening brief are not so great as to warrant summarily declining review of his appeal.

### B.  Amendments to CCIOA

¶ 14    Fymbo first argues that the trial court should have applied the amended versions of three provisions of CCIOA. We disagree.

¶ 15    Statutes may be applied either prospectively or retroactively. *In re Marriage of Weekes*, 2020 COA 16, ¶ 18. "A statute is applied prospectively when it operates on transactions that occur after its effective date, and retroactively when it operates on transactions that have already occurred or rights and obligations that existed before its effective date." *Id.* In the absence of legislative intent to the contrary, we presume that statutes operate prospectively, as "[r]etroactive application of statutes is generally disfavored by both

---

[1] To the extent that Fymbo raises any new arguments in his reply brief, we decline to consider them. *See Gomez v. Walker*, 2023 COA 79, ¶ 9 n.3 ("[W]e do not consider arguments raised for the first time in a reply brief.").

common law and statute." *In re Estate of DeWitt*, 54 P.3d 849, 854 (Colo. 2002).

¶ 16    In its order on remand, the trial court noted that it was applying the version of CCIOA in effect on the date of trial, May 16, 2022. On appeal, Fymbo identifies three recently amended sections of CCIOA that he believes the court should've applied.

¶ 17    First, Fymbo cites section 38-33.3-209.5(1.7)(b)(III), C.R.S. 2024, as amended by H.B. 22-1137. *See* Ch. 367, sec. 1, § 38-33.3-209.5(1.7)(b)(III), 2022 Colo. Sess. Laws 2612. The amended section provides that fines for violating an association's declaration, bylaws, covenants, or other documents generally cannot exceed five hundred dollars and that an association may not pursue a foreclosure based on fines owed. § 38-33.3-209.5(1.7)(b)(III). This amendment went into effect on August 10, 2022, and expressly applies only to "conduct occurring on or after th[at] effective date." Sec. 7, 2022 Colo. Sess. Laws at 2619.

¶ 18    Next, Fymbo cites section 38-33.3-316(10.5)(a), C.R.S. 2024. This section, as amended by H.B. 24-1337, generally requires an association to have "obtained a personal judgment against the unit owner in a civil action to collect the amounts due" before it may

7

foreclose on an assessment lien.  § 38-33.3-316(10.5); *see also* Ch. 422, sec. 3, § 38-33.3-316(10.5), 2024 Colo. Sess. Laws 2882-83. The amended version of this section went into effect on August 7, 2024, and expressly applies only to "debts accrued on or after th[at] effective date."  Sec. 9, 2024 Colo. Sess. Laws at 2887.

¶ 19    Lastly, Fymbo cites section 38-33.3-123(1)(a)(II), C.R.S. 2024, which was also amended by H.B. 24-1337.  *See* Sec. 1, § 38-33.3-123(1)(a)(II), 2024 Colo. Sess. Laws at 2880.  Under the amended section, an "association is not entitled to reimbursement for attorney fees that exceed five thousand dollars or fifty percent of the assessments and any money owed to the association . . . , whichever is less."  § 38-33.3-123(1)(a)(II).  This section also went into effect on August 7, 2024, and applies only to debts accrued after that date.  *See* Sec. 9, 2024 Colo. Sess. Laws at 2887.

¶ 20    H.B. 22-1137 and H.B. 24-1337 both operate prospectively — they expressly provide that they apply only to conduct occurring or debts accrued on or after their effective dates, which were August 10, 2022, and August 7, 2024, respectively.  *See* Sec. 7, 2022 Colo. Sess. Laws at 2619; Sec. 9, 2024 Colo. Sess. Laws at 2887. However, the circumstances at issue here occurred no later than

the date of trial, May 16, 2022. Because the conduct at issue occurred prior to the effective dates of the amendments to CCIOA, the amended provisions do not apply. *See In re Marriage of Weekes*, ¶ 18; *Estate of DeWitt*, 54 P.3d at 854.

### C. Collateral Attack on an Earlier Judgment

¶ 21 Fymbo also asserts a collateral attack on the money judgments the trial court enforced from Denver District Court Case No. 17CV31812 (the receivership case). Fymbo seems to challenge various judgments and orders entered in the receivership case, including those appointing and reappointing the receiver, approving the receiver's periodic reports, and entering the amended judgment. But those orders and judgments are final and either were appealed (and affirmed) or could have been appealed in the receivership case. We decline to review them now in this appeal.

¶ 22 A collateral attack is an attempt to avoid, defeat, or evade a judgment, or to deny its force and effect, in an incidental proceeding. *Brennan v. Grover*, 404 P.2d 544, 546 (Colo. 1965). A final judgment entered with proper jurisdiction is not subject to collateral attack, even if it is wrong in some respect. *Lake Durango Water Co. v. Pub. Utils. Comm'n*, 67 P.3d 12, 22 (Colo. 2003); *Closed*

*Basin Landowners Ass'n v. Rio Grande Water Conservation Dist.*, 734 P.2d 627, 637 (Colo. 1987).

¶ 23    The judgments and orders from the receivership case are final and cannot be collaterally attacked in this case.  And, as the trial court noted, none of Fymbo's arguments suggests a lack of personal or subject matter jurisdiction, a lack of notice, or any other issue that would render the judgments or orders subject to collateral attack.  *See Lake Durango Water Co.*, 67 P.3d at 22; *Closed Basin Landowners Ass'n*, 734 P.2d at 637.  Accordingly, we decline to review those judgments and orders in this appeal.

### D.    Appellate Attorney Fees and Costs

¶ 24    Lastly, we consider the HOA's request for appellate attorney fees and costs under section 38-33.3-123(1)(c).

¶ 25    CCIOA requires an award of attorney fees and costs to the prevailing party "[i]n any civil action to enforce or defend [the statute] or the declaration, bylaws, articles, or rules and regulations."  § 38-33.3-123(1)(c)(I).  Because the HOA is the prevailing party in this appeal defending a judgment entered under CCIOA, it is entitled to an award of its appellate attorney fees and

costs. *See Accetta v. Brooks Towers Residences Condo. Ass'n*, 2021 COA 147M2, ¶ 51. Accordingly, we grant its request.

¶ 26 Pursuant to C.A.R. 39.1, we exercise our discretion to remand the case to the trial court to determine the amount of reasonable attorney fees and costs the HOA incurred on appeal.

## IV. Disposition

¶ 27 The judgment is affirmed, and the case is remanded to the trial court to determine and award the HOA its reasonable attorney fees and costs incurred in this appeal.

JUDGE FREYRE and JUDGE MEIRINK concur.